TUNSTALL (GRAY v.). See Case No. 5,730.

## Case No. 14,238a.

### TUNSTALL v. ROBINSON.

[Hempst. 229.] [1]

Superior Court, Territory of Arkansas. July, 1833.

ERROR—DE MINIMIS—PAYMENT—HOW PLEADED.

1. For the small excess of $1.90 de minimis non curat lex applies, and judgment will not be reversed.

2. Payment on a judgment cannot be proved under nul tiel record, and if a party could avail himself of it, he must plead it.

Error to Chicot circuit court.

[This was an action of debt by Thomas T. Tunstall against William P. Robinson.]

OPINION OF THE COURT. On the 16th day of December, 1830, Robinson, in an action of debt against Tunstall. recovered a judgment against him in the Chicot circuit court. for the sum of five hundred and seventy dollars and seventy-nine cents debt, and one hundred and seventy-eight dollars and thirty-six cents damages and costs of suit, to reverse which this writ of error is prosecuted. This action is founded on a judgment which Robinson in his declaration avers he obtained against Tunstall in the circuit court of Jefferson county, in the state of Illinois, on the 3d of October, 1825, for five hundred and sixty-five dollars, forty-eight cents debt, and the costs of suit, amounting to five dollars, thirty-one cents. To this declaration, Tunstall pleaded nul tiel record, upon the trial of which the court rendered the judgment now under review.

The first error assigned is "that the judgment rendered by the circuit court against Tunstall in favor of Robinson is for a greater sum of money than was due to Robinson at the time of rendering the judgment." By inspecting the copy of the judgment rendered in Illinois, it appears that it was for five hundred and sixty-five dollars, forty-eight cents debt, and also the costs of the suit, which appear from the certificate of the clerk to have been at least five dollars, thirty-one cents. The interest upon five hundred and sixty-five dollars, forty-eight cents. from the 3d day of October, 1825, to the 16th day of December, 1830, at the rate of six per cent. per annum. amounts to one hundred and seventy-six dollars, forty-eight cents; one dollar and ninety cents less than the damages given by the court. For the sum of one dollar and ninety cents. it may be admitted

that the judgment exceeded the amount legally due. But for an error so trivial, we think the judgment ought not to be reversed. The maxim de minimis non curat lex is strictly applicable. The second assignment of error is "that the court erred in deciding the issue on the plea of nul tiel record, in favor of Robinson." We can perceive no material variance between the judgment set out in the declaration and the copy of the judgment duly authenticated, adduced as evidence upon the trial. The third assignment of error is "that the judgment rendered by the circuit courts is for a greater amount of debt than was shown by the supposed record evidence, adduced on the trial, to be due to Robinson."

The only question raised by the pleading for the decision of the court was whether there was such a judgment as the plaintiff had set out in his declaration, in full force and unsatisfied. This was the issue, and only issue, to be tried upon the plea of nul tiel record. The judgment of the court upon it was unquestionably correct. for it is not true that the judgment had been either reversed or satisfied or paid. If it had been in part paid or satisfied, it was competent for the defendant, by an appropriate plea, to have availed himself of it; but not having pleaded payment or satisfaction of the judgment either in full or in part, he was precluded from insisting, therefore, correctly disregarded the return of the sheriff upon the execution issued upon the judgment rendered in Illinois. The same remarks are applicable to the costs of the suit in Illinois, which it seems were paid by the plaintiff in error, but who failed to plead it.

It has been argued that there was no legal evidence before the court, of the amount of the costs adjudged by the circuit court, in the state of Illinois. and that if the execution from that court is to be relied upon to prove the amount of costs, it proves a payment to the plaintiff of eighty dollars of the judgment. We do not assent to this proposition. The execution, which appears to show the amount of costs of suit; but the payment of eighty dollars. which also appears by the same execution, was inadmissible, under the plea of nul tiel record, and was properly disregarded. Judgment affirmed.