## Case No. 4,558.

### EVANS v. DAVENPORT.

[4 McLean, 574.][1]

Circuit Court, D. Michigan. June Term, 1849.

Wilcox & Gray, for plaintiff.

Barstow & Lockwood, for defendant.

OPINION OF THE COURT. This is a declaration in ejectment, under the forms provided by a statute of the state. The defendant first pleads the general issue. 2d. To the jurisdiction of the court, alledging the defendant to be a resident of New York, instead of Michigan. And the plaintiff demurs for irregularity in the order of pleading. The declaration alleges the plaintiff to be a citizen of New York, and the defendant to be a citizen of the state of Michigan.

It is contended that the facts stated in the plea are conclusive against the jurisdiction of the court. The plea denies a material averment in the declaration, which can only be traversed by a special plea. And it can make no difference that another plea taking issue generally, is on record first. The pleas are filed simultaneous, both are good, it is contended, as pleas in bar. And it is further urged, that a want of jurisdiction in a court of special and limited jurisdiction, may be shown at any stage of the cause. A plea in abatement should give the plaintiff a better writ. But in this case if the facts be true as stated, they show that this court can exercise no jurisdiction in the case. This court follows the rule of the common law which requires that the jurisdiction of the court shall first be pleaded. And it is well established (1 Chit. Pl. 440) to file any other plea is a waiver of the want of jurisdiction of the court. From the face of

the declaration it appears that there is jurisdiction on the ground of the parties being citizens of different states, the plaintiff being stated to be a citizen of New York, and the defendant a citizen of Michigan.

It was laid down by Mr. Justice Washington, in his reports, that a want of jurisdiction may be taken advantage of at any time in the progress of the cause; and it was held at one time that as the averment of citizenship, in the declaration, was a material one, it was denied by the general issue, and the plaintiff was bound to prove it on the trial. But these decisions have long since been overruled, and the settled practice now is, to require a plea to the jurisdiction where there is no want of jurisdiction apparent upon the face of the declaration. Where this averment of citizenship is omitted in the declaration, advantage may be taken of it in a motion to arrest the judgment or by a writ of error.

The circuit courts of the United States, though exercising a limited jurisdiction, yet are not inferior courts, which must show in their proceedings jurisdiction, or their judgments will be nullities. This is not the case with the judgments of the circuit court although the citizenship does not appear in the proceedings. Their judgments are valid until reversed.

The order of pleading by the common law, is founded in good sense and practical convenience. If the plea to the jurisdiction be sustained, there is an end to the cause on the state of the pleadings; and this necessarily arrests the further progress of the case. And this plea should always be the first pleaded, for this and other considerations. But there is an objection to this plea which has not been noted in the argument. It avers that the defendant is a resident of New York. Now the plea may be true and yet the court have jurisdiction of the case. A citizen of Michigan may reside in New York, for any length of time and still maintain his citizenship in Michigan. A change of citizenship from one state to another is shown by the acts of the party. If he refrains from exercising the rights of a citizen in the state where he resides, and claims to be a citizen of the state he left, he does not lose his citizenship in such state. We suppose that the attention of the pleader was not particularly drawn to the difference between a citizen and resident. Leave will be given to the defendant to amend his plea, both as to the order of pleading and the averment of the plea.

[1] [Reported by Hon. John McLean, Circuit Justice.]