BOARD OF POLICE OF HOLMES COUNTY *vs.* HENRY MORTON.

The revenue law of 1841, § 11, which gives the assessors of taxes for the State and county five per cent. on the amount of the assessment roll, was not repealed by the act of 1846, which says, " the assessor shall be entitled, on a settlement of his account with the auditor, to receive a compensation of three per cent. upon the amount of his assessment roll for the use of the State."

The two acts are perfectly consistent with each other; and it is very clear, that the act of 1841, on the subject of the compensation for assessing county tax,

was not repealed. *Held*, that the assessor is entitled to five per cent. for assessing the county tax.

On appeal from the circuit court of Holmes county; Hon. R. C. Perry, judge.

The facts are contained in the opinion of the court.

*Brooke*, for plaintiff in error.

*J. M. Dyer*, for defendant in error.

Mr. Justice YERGER delivered the opinion of the court.

The appellee was elected assessor of taxes for the county of Holmes, at the general election in November, 1847. The assessment roll of taxes for the use of the county for the year 1848, amounted to $5,271. On this amount, the assessor claimed five per cent. commission for his services. The board of police refused to allow that sum, but allowed him three per cent. on the amount. From this judgment he appealed to the circuit court; and a judgment was there rendered in his favor, awarding the amount of five per cent., as claimed by him. From the judgment of the circuit court, the board of police has appealed to this court.

By the eleventh section of the revenue law, passed in 1841, it is provided that the assessor shall " receive a compensation of five per cent. on the amount of his assessment roll for the use of the State, provided the same shall not exceed four hundred dollars, nor be less than one hundred dollars, and the same compensation on his settlement with the county treasurer, for the assessment for the use of the county." By the provisions of this statute, it is very clear that the assessor was entitled to the five per cent., as claimed by him.

In the year 1846 the revenue law was changed and amended; and by the tenth section of that statute, it was enacted, that the assessors should be " entitled, on a settlement of his account with the auditor, to receive a compensation for his services of three per cent. upon the amount of his assessment roll for the use of the State," &c. Hutch. Code, 186.

The act of 1846 is entirely silent in relation to the assessors'

21 *

compensation for assessing county taxes. It is insisted, however, that it was the legislative intention to fix the amount of compensation for both services at the same rate, and that the act of 1846 repealed the act of 1841 in relation to the assessors' compensation for the county as well as the State assessment. If such was the intention of the legislature, they have not made it manifest to us. On the contrary, we are compelled to presume, from the silence observed in regard to the compensation for the county assessment, that the legislature did not intend to change the rule in relation to it. The act of 1846 does not in terms repeal the act of 1841, and there is nothing inconsistent in the two provisions, from which a repeal would necessarily be implied. Unless the repugnance between two acts of the legislature be quite plain, the law does not favor a repeal by implication. But in the present case we do not see any repugnance between the two acts. Both provisions may stand very consistently with each other. From the body of the two statutes we are unable to perceive any intention to repeal the act of 1841 on the subject of the compensation for assessing county taxes; and we have no right to presume such intention from what we might deem would have been politic in the legislature. Let the judgment of the circuit court be affirmed.