PARSONS (KNIGHT v.). See Case No. 7,-886.

## Case No. 10,779.

PARSONS et al. v. LYMAN et al.

[4 Blatchf. 432.] 1

Circuit Court, D. Connecticut. April, 1860.

CO-PLAINTIFFS IN EQUITY—ADVERSE INTERESTS.

Persons having adverse and conflicting interests cannot be joined as co-plaintiffs, in a suit in equity.

[Cited in Bland v. Fleeman, 29 Fed. 671.]

This was a bill in equity for the construction of the will of the late Samuel Parsons, of Durham, Connecticut, and for an account. The defendants [David Lyman and others] were trustees and executors under the will, Lyman being the active trustee. The trustees had discretionary powers as to the amounts to be paid, under certain limitations, to the legatees. An answer was filed, setting up, among other things, that two of the plaintiffs had infant children, who were interested in the determination of the questions involved in the suit, and had not been made parties to the suit. A motion was now made by the plaintiffs [Joseph H. Parsons and others], to insert the names of the infants, by prochein ami, as co-plaintiffs. The motion was opposed by the defendant Lyman.

Henry Dutton, for plaintiffs.
Roger S. Baldwin, for defendants.

SHIPMAN, District Judge. The only question presented for the determination of the court, in the present stage of this case, arises on the motion of the next friend of William Stanley, Junior, and Samuel Parsons, Junior, infants, to amend the bill, by inserting their names as co-plaintiffs. The proposed amendment alleges, that William Stanley, Junior, is the son of William Stanley and Catherine A., his wife, two of the plaintiffs, and that Samuel Parsons, Junior, is the son of Samuel Par-

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

sons, another of the plaintiffs. The proposed amendment is objected to by the defendant Lyman.

By an examination of the plaintiffs' bill, and the will of Samuel Parsons, deceased, a copy of which is thereto annexed, it is clear, that William Stanley, Junior, and Samuel Parsons, Junior, have or may have interests involved in the determination of questions presented by the bill, directly at variance with those of the present plaintiffs. Should the amendment be allowed, the bill would then present the case of a joinder of co-plaintiffs having adverse and conflicting interests.

It is believed to be a well settled rule of proceeding in equity, that the interests of plaintiffs should be consistent, although it is immaterial whether the interests of defendants are or are not in conflict with each other. Chancellor Walworth, in Grant v. Van Schoonhoven, 9 Paige, 255, remarks, that "persons having adverse and conflicting interests in reference to the subject-matter of the litigation, ought not to join as complainants in the same suit;" and he held, in that case, which was a bill brought in the name of husband and wife, as complainants, against their infant children, to set aside a conveyance of property to trustees for the separate use of the wife and children, that the wife was improperly joined as co-plaintiff, and should have been made a defendant.

In the present case, the interest of the infants whose names it is proposed to insert as co-plaintiffs, is to have the fund remaining in the hands of the trustees or executors, from time to time, as large as possible, so that, in the event of the death of their parents, before the final determination of the trust, leaving them surviving, the sums they would be entitled to receive from the estate of their grandfather would be proportionably large. On the other hand, the present plaintiffs are seeking to diminish the funds that may be in the hands of the executors from time to time, and, consequently, to diminish the amount which, in the event of their death, the surviving children would be entitled to receive from the estate of the testator. The interests of the parents are, therefore, in the eye of the law, adverse to those of their children, and these conflicting interests would be presented for adjudication in this bill, if amended as proposed.

In the case of Saumarez v. Saumarez, 4 Mylne & C. 331, the testator gave and bequeathed to his son, Richard Saumarez, (who was his heir at law,) his freehold estate in Dorsetshire, and directed that the residue of the property which he might leave at his death, should be divided between that son and his two sisters, in equal portions, with a provision that, whatever portion might devolve to him should be placed in the names of trustees, and the interest be paid to him during his life, and that, after his death, his share should be divided between his children, and placed in the names of trustees, with a

discretionary power to employ a portion of the capital for their advancement, and, on the children respectively attaining the age of twenty-five years, their shares to be transferred to them. Should the son die without issue, the whole of his portion was to devolve to his two sisters, during their life, and, after their death, to their children. A bill was filed by the testator's son and heir at law, Richard Saumarez, and his wife, and their infant children, as co-plaintiffs, against the executors of the will and the testator's widow and younger children, (including his two daughters,) and the husbands and issue of the two daughters. The bill prayed, that the trusts of the will might be performed, and the rights of all parties under it be declared and secured. On the hearing before the master of the rolls, and on appeal before the lord chancellor, it was claimed by the counsel for the plaintiffs, that, under the will, Richard Saumarez took a fee simple in the Dorsetshire estate, or, if not, it remained undisposed of and he took it as heir at law. On the other hand, it was insisted by the defendants, that he took only a life estate, and that the reversion passed under the residuary clause. Of course, the interests of Richard Saumarez's children were adverse to his, for, if the claim of their father was sustained, the amount they would be entitled to receive from the grandfather's estate would be diminished to the extent of the value of the reversion of the Dorsetshire estate. And, although no notice seems to have been taken by the counsel, before the master of the rolls, of the peculiarity of the bill, yet, on hearing of the case on appeal, the lord chancellor (Lord Cottenham) said: "As the present record is framed, it would be quite irregular to make any adjudication on the point raised by the appeal, the interests of the appellant's children, who joined with him, as co-plaintiffs, in the suit, being directly at variance with his own." The result was, that so much of the proceedings, as involved the conflicting interests of the father and children was struck out, and a new bill was brought, in which the parties were properly arranged, the plaintiffs having consistent interests. See, also, Bill v. Cureton, 2 Mylne & K. 503.

It is clear, then, that, to allow this amendment to the bill, as it now stands, would make the bill irregular on its face, and render any adjudication upon some of the most important questions presented by it improper.

There are other difficulties in the way of the joinder, in the same bill, of co-plaintiffs having conflicting interests, especially touching the power of one co-plaintiff to appeal from a decree in favor of the other. But these it is unnecessary to discuss.

The motion to amend in the particular specified must, therefore, be denied.

[For a motion to dismiss the bill for want of jurisdiction, see Case No. 10,780.]