GEORGE M. KLEIN VS. BOARD OF SUPERVISORS OF WARREN
COUNTY.

WARRANTS: *Suits thereon.*

The holder of county warrants cannot sue the county in an ordinary action
based upon the warrants. The statute giving the right to sue a county
does not embrace claims that have been allowed and warrants issued,
for it is only where the board of supervisors refuse to allow a claim that
suit may brought on it.

ERROR to the Circuit Court of *Warren* County.

Hon. GEO. F. BROWN, Judge.

The facts of this case sufficiently appear in the opinion of the
court.

*Catching & Ingersoll*, for plaintiff in error:

*G. E. Harris*, Attorney General, and *J. S. Morris*, for defendant
in error.

CAMPBELL, J., delivered the opinion of the court.

This is an action brought by plaintiff in error against defendant,
which demurred to the declaration on the ground that the action
is brought upon county warrants of Warren county, issued by
the clerk upon claims audited and allowed by said board of
supervisors. The demurrer was sustained and the action dis-
missed, and a writ of error prosecuted, which presents the ques-
tion, whether the holder of county warrants can sue the board
of supervisors by ordinary action. In the case of A. H. Taylor
*v.* Board of Police of Chickasaw County, not reported, though
decided at the October term, 1869, it was decided by the high
court of errors and appeals of this state, that an action cannot be
maintained on county warrants. Opinion Book "K," p. 61.
This conclusion is supported by brief but conclusive reasoning.
Without a statute authorizing a suit against the board, it would
not be maintainable. The statute giving the right to sue does
not embrace a case where a claim has been allowed and a warrant
issued. It is only where the board of supervisors may "refuse

to allow" a claim, that suit may be brought on it. A warrant is evidence of allowance, not of refusal. If the claim has been allowed, the creditor has a judgment and does not need another, which would be satisfiable with another warrant. Code of 1871, § 1384.

The demurrer was properly sustained and the judgment is affirmed.