## WITTEMORE and others v. MALCOMSON, Jr.

*(Circuit Court, D. New Jersey. September 13, 1886.)*

1. **PLEADING—NUL TIEL RECORD—CONCLUSION—ERROR OF FORM.**

    A plea of *nul tiel record* should conclude with a "verification," and not "to the country;" but such an error is one of form, and is therefore, under the present practice, amendable.

2. **SAME—PLEA TO JURISDICTION—ORDER OF PLEADING—AFFIDAVIT.**

    A plea to the jurisdiction is a plea in abatement; and where the defendant has admitted the jurisdiction or waived it by a plea in bar to the action, he cannot subsequently plead in abatement. Such a plea must be supported by a special affidavit.

3. **SAME—ACTION ON JUDGMENT.**

    There can be no averment in pleading against the validity of a judgment; and therefore no matter of defense can be pleaded which existed prior to its recovery.

Debt. Motion to strike out pleas.

*W. H. Bradley,* for plaintiffs.

*Joseph A. McCreery,* for defendant.

WALES, J. This is an action of debt on a judgment recovered by the plaintiffs, citizens of New York, against the defendant, a citizen of New Jersey, in the circuit court of the United States for the Southern district of New York. The pleas are (1) *nul tiel record;* (2) that one or both of the plaintiffs are not citizens of New York, but are residents and citizens of New Jersey; and (3) that this court ought not to take cognizance, etc., because "the alleged claim sued upon in the said action in the Southern district of New York was a void and invalid claim under the laws of the state of New Jersey, and such suit was commenced in the state of New York to evade the laws of the state of New Jersey, and deprive one of her citizens of the benefit of such laws by obtaining a judgment in a foreign court." The defendant makes affidavit that these "pleas are not intended for the purpose of delay, and he verily believes he has a just and legal defense." The pleas are objected to as being irregular in form, insufficient, frivolous, and void.

The first plea erroneously concludes to the country, instead of with a verification. The issue tendered by this plea is whether there is such a record as the one declared on, and this is an issue to be determined by the court on inspection, and not by the jury. By section 1 of article 4 of the constitution of the United States full faith and credit must be given, in each state, to the judicial proceedings of every other state. Congress has, by the power conferred on it by the same article, prescribed the manner in which such proceedings shall be proved, (Rev. St. § 905,) and it is the province of the court, and not that of the jury, to decide when that proof is sufficient. The error, however, being a matter of form, and subject formerly to a special demurrer, is, under the present practice, amendable.

The objections to the second plea are more substantial. This in effect is a plea in abatement denying the jurisdiction of the court, and should have been pleaded first in order. The defendant, having admitted jurisdiction or waived it by a plea in bar to the action, cannot subsequently plead in abatement. This would, if allowed, violate the established order of pleading, and produce confusion. 1 Chit. Pl. 425; Gould, Pl. 226; *Evans* v. *Davenport,* 4 McLean, 574; *Smith* v. *Kernochen,* 7 How. 216; *Sheppard* v. *Graves,* 14 How. 509; *Spencer* v. *Lapsley,* 20 How. 267; *Gause* v. *City of Clarksville,* 1 Fed. Rep. 359. The opinion of the court in *Sheppard* v. *Graves* gives a striking illustration of the mischiefs that would be caused by a departure from the orderly method of pleading. In the case at bar the plea is unsupported by a special affidavit of the facts on which it is drawn. Such affidavit is necessary to enable the court to judge of the probable truth of the plea, and to ascertain whether it is made in good faith, or only for the purpose of delay. 1 Chit. Pl. 452; 2 Chit. Pl. 459. The question of jurisdiction must be first tried and disposed of before considering the other pleas.

The third plea is inadmissible. A judgment rendered by a court having jurisdiction of the cause of action, and of the parties to it, cannot be impeached by evidence of facts or circumstances relating to the transactions on which such judgment is founded. It is a maxim in law that there can be no averment in pleading against the validity of a judgment, and therefore no matter of defense can be pleaded which existed prior to its recovery. 1 Chit. Pl. 354, 481. The effect of this plea would be to open the judgment, and retry the original cause of action on its merits, and thus lead to indefinite litigation, which it is the policy of the law to prevent. Such pleading is wrong, and incapable of amendment.

But this cause not being at issue, and it being within the discretion of the court to allow amendments in pleading for the furtherance of justice, the defendant may have leave to amend the first two pleas, both as to order and averment, on payment of the costs of this motion. See *Evans* v. *Davenport, supra,* and *Eberly* v. *Moore,* 24 How. 157.