BLAND and others *v.* FLEEMAN and others.

(*District Court, W. D. Arkansas.* January 20, 1887.)

1. EQUITY—NECESSARY PARTIES.
   All persons who are necessary parties to a suit must be made parties.
2. SAME—PARTIES INTERESTED IN RESULT.
   All parties whose interests are affected by the suit, or whose concurrence is necessary to a complete determination of the suit, or who have a substantial interest in the subject-matter of the suit, are necessary parties to it; and it cannot proceed without their being made parties.
3. SAME—PLAINTIFFS—DEFENDANTS.
   The law is that those whose interests are in harmony should be joined as plaintiffs or defendants, as the case may be.
4. COURTS—JURISDICTION, HOW CONFERRED.
   To give jurisdiction, there must be subject-matter upon which the court has a right to pass, place over which it can exercise its powers, and all the proper and necessary parties. All of these requisites must exist; and in this suit the interests of all the heirs are in harmony, as against the defendant, and all of such heirs must be made parties plaintiff.
5. SAME—FEDERAL COURTS—PARTIES.
   To give a federal court jurisdiction, on the ground of a dispute or controversy between citizens of different states, it must appear that all the *necessary* plaintiffs are citizens of states different from all the necessary defendants. If this state of facts does not exist, there is a failure of jurisdiction. They must exist, before the court, under the law, can exercise the power of hearing and determining a controversy. Proper and necessary parties are as much an element of jurisdiction as any of the other elements of it. If there is a failure of either one of these elements, there is a failure of jurisdiction.
6. EQUITY—PARTIES—HEIRS.
   All the heirs to an estate of a decedent, in a suit against an administrator of such estate charging him with having fraudulently converted the assets of the estate, are necessary parties to such suit.

**7. SAME—PLEADING—JURISDICTION.**

Under the law, and the rules of pleading as they existed in equity before the passage of the act of March 4, 1875, a plea to the jurisdiction in the nature of a plea in abatement, because of the joinder of parties who could *not sue in* the federal court, must have been filed before an answer to the merits, as an answer to the merits, without a plea previously filed, was a waiver of the objection. A plea filed simultaneously with an answer to the merits came too late. But this rule is abrogated by the act of 1875.

**8. SAME—DISMISSAL.**

Under this act it is made the duty of the court, at any time after suit has been brought, to see to it whether the suit really and substantially involves a dispute or controversy properly within its jurisdiction. If it does not do so, it is the duty of the court to dismiss the suit. This may be done when the question is raised by the pleadings, or it may be done by the court *sua sponte.*

**9. COURTS—FEDERAL JURISDICTION—PARTIES.**

Parties to a suit cannot artificially arrange themselves so as to create a fictitious ground of federal jurisdiction. The court will disregard all such arrangement of parties, and arrange them according to their interest in the suit. It will look to the real facts of the case, as shown by the pleadings.

**10. SAME—CITIZENSHIP.**

When a court has properly acquired jurisdiction of a cause by reason of the proper citizenship of the parties, some or any of such parties may, by cross-bill, assert a necessary defense, or set up a right or claim which puts such party in antagonism with his co-defendant. Such cross-bill is treated as ancillary to the main cause properly before the court. Even other persons who are not parties, if the court has first lawfully acquired jurisdiction of the cause, if necessary to protect their rights, may intervene in the suit, regardless of citizenship.

(*Syllabus by the Court.*)

In Equity.

*U. M. & G. B. Rose,* for plaintiffs.

*J. M. Moon, John J. Walker, J. E. Cravens,* and *Clendening & Sandals,* for defendants.

PARKER, J. This is a suit brought by those who are made plaintiffs on the record as a part of the heirs at law of Robert H. Adams, deceased, against Marion F. Fleeman and others. It is charged in the bill that Robert H. Adams died intestate, leaving a large estate, of which Marion F. Fleeman became administrator; that, as such administrator, he, with the aid and assistance of others who are made defendants, so managed the estate as to cause the greater portion of it to pass into his own hands, and the hands of some of those with whom he conspired, in fraud of the just, legal, and equitable rights of those who, as heirs of the said Robert H. Adams, were legally entitled to the same. All the plaintiffs are citizens of the states of Tennessee and Mississippi.

William W. Adams, Mary Adeline Waddell, Hattie Gray Waddell, and Kate M. Dickey are heirs at law of Robert H. Adams, deceased. William W. Adams is, and was at the time of the bringing of this suit, administrator *de bonis non* of the estate of Robert H. Adams. William W. Adams, Mary Adeline Waddell, Hattie Gray Waddell, and Kate M. Dickey are made defendants in this suit. They are citizens of the state of Arkansas, and residents of this district, the same state and district in which Marion F. Fleeman, and the other defendants who are charged to have conspired with him, reside.

The prayer of the bill is that said defendants may be required to answer, but not under oath; that the settlements of Marion F. Fleeman, as administrator, may be set aside for fraud; that his accounts as such administrator may be reformed; that Fleeman be required to account for the rents and profits of the lands and ferry franchise, which belonged to the estate of Robert H. Adams, and for all profits made out of his fraudulent transactions in connection with the estate of Robert H. Adams, deceased, and that he be required to pay over the same to your orators, or to said administrator *de bonis non;* that the said Fleeman be compelled to surrender said lands to your orators, and the other heirs of said Robert H. Adams, deceased; and for such other and proper relief as may be deemed meet, and justice may require.

The defendant Marion F. Fleeman, on May 5, 1884, filed an answer, and at the same date filed a plea in abatement of the suit, because the court has no jurisdiction, for the reason "that W. W. Adams is one of the heirs at law of the said Robert H. Adams, deceased, and said action was instituted and is prosecuted at his instance, and for his benefit; that said W. W. Adams is, and was at the time of the institution of said action, a citizen of the state of Arkansas, and could not be joined as a plaintiff in the action, and for that reason he was collusively joined as a party defendant, for the purpose of creating a case cognizable in this court."

The question presented here by this plea to the jurisdiction is whether this record presents a case where there "is a controversy *between citizens of different states.*" There must be this to give the court jurisdiction. There is no controversy disclosed by these pleadings between those who are made plaintiffs by the bill and W. W. Adams, Mary Adeline Waddell, Hattie Gray Waddell, and Kate M. Dickey, who are made defendants by the bill. These last-named parties are heirs at law of the estate of Robert H. Adams, deceased, together with the plaintiffs. Their interest in the result of the suit is identical with the interest of the plaintiffs, and the only controversy disclosed by the pleadings is one between the plaintiffs and W. W. Adams, as heir and administrator, Mary Adeline Waddell, Hattie Gray Waddell, and Kate M. Dickey, on one side, and Fleeman, and those who are charged to have conspired with him to cheat and defraud all the heirs of Robert H. Adams, on the other.

This proposition is evidenced by the pleadings, as the answer of W. W. Adams and the other defendant heirs adopts the bill of the plaintiffs, declares it true in all its allegations, and they pray in such answer for the same relief as that asked for by the plaintiffs.

Then nothing is demanded by the plaintiffs against W. W. Adams, and the other defendant heirs. The record, therefore, shows that the interest of W. W. Adams and the other defendant heirs are in harmony with the interests of the plaintiffs. The rule is that those whose interests are in harmony shall be joined as plaintiffs or defendants, as the case may be. *Bunce* v. *Gallagher*, 5 Blatchf. 481; *Parsons* v. *Lyman*, 4 Blatchf. 432. W. W. Adams and the other defendant heirs are neces-

sary parties in this suit, because their interests are affected by it.    Their concurrence is necessary to a complete determination of the suit.    They have now an equitable interest in the subject-matter of the suit, which, if the same should be successful, would become a legal interest.    Such interest is largely affected by the result of the suit.    The suit, therefore, cannot proceed without them.    *Barney* v. *Baltimore City*, 6 Wall. 280; *Williams* v. *Bankhead* 19 Wall. 571; *Caldwell* v. *Taggart*, 4 Pet. 190; *Morgan* v. *Morgan*, 2 Wheat. 298.

To give jurisdiction there must be subject-matter upon which the court has a right to pass, place over which it can exercise its powers, and all the proper and necessary parties.    Each and all of these things must exist before the court, under the law, has a right to exercise the power of hearing and determining a controversy.    Proper and necessary parties are as much an element of jurisdiction as any of the other elements of it.    If either one of these elements which go to make it up fail, there is a failure of jurisdiction, and the suit is not properly before the court.    It is, in my judgment, the duty of the court, under the law as it now stands, in passing on a question of jurisdiction in a suit originally brought in a federal court, to arrange the parties to the suit according to their interests in the controversy.    All those whose interests are antagonistic to the defendants fall on the side of the plaintiffs.

This is a rule applicable, and which we are to apply in the first instance, to see if jurisdiction has attached.    When jurisdiction attaches, parties may occupy such relations to each other in the controversy as a proper remedy for their rights may demand, regardless of citizenship. Applying the above rule in this case, W. W. Adams and the other defendant heirs would fall on the side of the other plaintiffs.    Then we have a controversy between parties who are all necessary and material parties, and without joining whom jurisdiction would not attach; but it is a controversy not between citizens of different states from the state of the defendants, for the other parties who, under the law and rules of pleading, are necessary and material parties, and are properly plaintiffs, are citizens of the same state with the defendants, with whom they have a controversy precisely similar in all its parts with the controversy of the other plaintiffs against defendant Fleeman and his coadjutors.    Before the passage of the law of March 4, 1875, citizenship of the parties was no part of the issue on the merits, but it must have been brought forward by a plea to the jurisdiction, in the nature of a plea in abatement, before answer filed to the merits.    The objection could not be raised on the general issue.    *D'Wolf* v. *Robaud*, 1 Pet. 476; *Evans* v. *Gee* 11 Pet. 80; *Van Antwerp* v. *Hulburd*, 7 Blatchf. 426; *Evans* v. *Davenport*, 4 McLean, 574; *Wickliffe* v. *Owings*, 17 How. 47; *Dodge* v. *Perkins*, 4 Mason, 435; *Vose* v. *Reed*, 1 Woods, 647; *Smith* v. *Kernochen*, 7 How. 198.    The court said in *Vose* v. *Reed:* "The plea to the jurisdiction must be a separate plea.    An answer is an appearance, and waives it."

Under the old rule the plea in abatement could not be filed simultaneously with an answer to the merits.    The objection to the jurisdiction on the ground of a want of joinder of parties, or the joinder of improper

parties, was considered waived when the plea was so filed. The plea to the jurisdiction in this case was filed simultaneous with the answer, and, under the rule above laid down, it would come too late. But by the act of 1875 this rule has been abrogated, as the fifth section of that act provides "that if, in any suit commenced in a circuit court, or removed from a state court to a circuit court of the United States, it shall appear to the satisfaction of said court, *at any time* after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said circuit court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this act, the said circuit court shall proceed no further therein, but shall dismiss the suit, or remand it to the court from which it was removed, as justice may require.  *  *  *" This section of the law permits the question of jurisdiction to be raised at any time while the suit is pending. Indeed, it becomes the duty of the court, at *any time* while it is pending, without any pleadings, even *sua sponte,* to dismiss or remand for want of jurisdiction.

The case of *Schenk* v. *Peay,* 1 Wool. 175, was much relied on in the argument on the question of jurisdiction in this case. But that was a case where jurisdiction had properly attached, as Schenke, a citizen of Ohio, had brought a suit against Bliss and Peay, both citizens of Arkansas. Against Bliss the plaintiff prayed for a partition of property, and as against Peay that the title of plaintiff might be quieted. That brought the case properly before the court. Peay then filed a cross-bill, setting up an interest in the property antagonistic to both Schenke and Bliss. This he could do, as, when the court has properly acquired jurisdiction of a cause by reason of the citizenship of parties, some or any of these parties may, by cross-bill, assert a necessary defense, or set up a right or claim which puts such party in antagonism with his co-defendant. Such cross-bill is treated as ancillary to the main cause properly before the court. Even other persons who are not parties, if the court has first lawfully acquired jurisdiction of the case, if necessary to protect their rights, may intervene in the suit, regardless of citizenship. *Phelps* v. *Oaks,* 117 U. S. 236; S. C. 6 Sup. Ct. Rep. 714.

But it must be remembered that this case cannot get properly before the court until all parties who claim an interest in the property in suit, as against Fleeman, are made parties, and when they are made parties they must be made parties plaintiff, because their interests are all on that side of the controversy, and, when so placed as parties, they make a case where part of the necessary plaintiffs are residents of the same state with the defendants. Jurisdiction does not lawfully attach until all necessary and material parties are made parties. It is not in the discretion of the pleader to arrange parties in the suit so as to confer jurisdiction. They must be arranged according to their interests in the suit, and the court, when passing on the question of jurisdiction, will do this. It will look to the real facts of the case, as developed by the pleadings, and will

v.29ᶠ.no.14—43

disregard the artificial arrangement of the parties by the pleader, and ascertain from the pleadings where the real controversy lies, and range the parties accordingly. Parties cannot, by arranging themselves as plaintiffs or defendants in a cause, create a fictitious ground of federal jurisdiction. This is denominated a collusive joinder of parties, to confer jurisdiction.

It is with some degree of regret that I feel compelled to hold that the court has no jurisdiction, as, from the examination of the facts of the case, I am led to the conclusion that the acts of Fleeman, as administrator of the estate of Robert H. Adams, bristle with fraud. But it is usurpation for a court to take jurisdiction where it does not have it under the law. With my view of the law regulating jurisdiction, and of the facts of this case, I feel compelled to order the dismissal of the case for want of jurisdiction.