## MARTIN MARX *v.* CHARLES LOGUE.

1. PLEADING. *Action on judgment. General issue nul tiel record.*

   The only general issue in an action on a judgment is *nul tiel record.*

2. LIMITATIONS. *Action on foreign judgment. Code 1892, § 2744.*

   Under § 2744, code 1892, providing that if the defendant in an action on a foreign judgment be, at the time of the institution of the suit, a resident of this state, the action shall be commenced within three years, a plea of the statute of limitations of three years in such suit is bad, if it fails to aver that the defendant was a resident of this state at the time suit was instituted.

3. SUPREME COURT. *New point. Evidence of assignment.*

   In an action on a foreign judgment by an assignee, where the only plea filed is *nul tiel record,* it is too late to object in the supreme court, for the first time, that there was no evidence showing a transfer of the judgment to plaintiff.

FROM the circuit court of Leflore county.

HON. R. W. WILLIAMSON, Judge.

On May 11, 1893, appellee sued appellant in the court below on a judgment alleged to have been recovered by one Wheeler against the defendant in the state of Louisiana, November 28, 1887. The declaration alleged that the judgment had been assigned to plaintiff, and was unpaid. No copy or record of the judgment was filed with the declaration.

Defendant pleaded *nil debet,* and a demurrer thereto was sustained, whereupon defendant pleaded *nul tiel record,* upon which issue was joined. The following plea was also filed: "For further plea, defendant says that he is now, and has been a resident of the state of Mississippi for more than three years last passed, and that more than three years have elapsed since the rendition of said judgment before the institution of said suit in plaintiff's declaration alleged, and

before the institution of this suit, and the same is barred by the statute of limitations of three years."

A demurrer to this plea was sustained. A jury trial was waived, and the case was tried before the court on the plea of *nul tiel record*. Plaintiff introduced in evidence a certified transcript of the record of the judgment, to which a general objection, interposed by defendant, was overruled. This was all the evidence. Plaintiff had judgment. Defendant moved for a new trial, on the ground that it was error to sustain the demurrer to the plea of the statute of limitations, and that the court erred in admitting in evidence the record of the judgment, the same not having been filed with the declaration. Motion overruled. Defendant appeals.

*S. R. Coleman,* for appellant.

1. The statute requires that a copy of any writing of which profert is, or ought to be, made shall be filed with the pleading. Code 1892, § 677. The demurrers to pleas should have been extended back to the declaration, because a copy of the judgment sued on was not filed therewith.

2. Section 2744, code 1892, was intended to protect our citizens from actions on foreign judgments, though at the time of rendition the defendant may not have been a citizen of this state. Therefore, the plea of the statute of limitations was good.

3. Defendant's objection to the introduction of the record of the judgment should have been sustained, because the same was not filed with the declaration. The statute is mandatory. Code 1892, § 677.

4. There was no evidence whatever to show assignment of the judgment to plaintiff. This is fatal to the judgment.

*Rush & Gardner,* for appellee.

1. The demurrer to the plea of the statute of limitations was properly sustained. The plea failed to aver that defendant was a citizen of this state when suit was instituted.

2. It was not necessary that the record of the judgment should be filed with the declaration. It was sufficient to allege the due rendition of the judgment. *Stephens* v. *Roby*, 27 Miss., 744; 45 *Ib.*, 347; Freeman on Judgments, § 452.

The declaration sufficiently specified the particulars as to the judgment. 5 How. (Miss.), 653; 59 Miss., 364.

3. Only *nul tiel record* was pleaded. There was no issue as to the assignment of the judgment. *Stephens* v. *Roby, supra*. This objection was not even made in the motion for a new trial, and is not embodied in any assignment of error.

CAMPBELL, C. J., delivered the opinion of the court.

The demurrer to the plea of *nil debet* was properly sustained. The only general issue to an action on a judgment is *nul tiel record*.

The plea of the statute of limitations of three years is bad, because it does not aver that the person against whom the judgment was rendered was, at the time of the institution of the action, a resident of this state. Code 1892, § 2744. The record of the judgment was properly authenticated, and the objection to its being read in evidence was properly overruled.

The point that no evidence of the transfer of the judgment to the plaintiff was produced, is of no avail, for this specific objection was not made on trial, and the presumption is to be indulged that, if it had been thus made, it would have been successfully met; and, besides, the plea, *nul tiel record*, did not put in issue any such question. It should have been pleaded specially.

*Affirmed.*