JOHN W. TAYLOR *v.* BOARD OF SUPERVISORS OF CHICKASAW COUNTY.

74  23
76  419

1. STATUTES. *Hutchinson's Mississippi Code. Laws omitted therefrom not repealed.*

   The compilation of laws known as "Hutchinson's Mississippi Code" is not a code or revision, and had not the effect of repealing existing statutes of a general and public nature not included therein.

2. COUNTY WARRANTS. *Registration under act of* 1842 (*Laws*, 213). *Presentation within one year. Validity dependent thereon.*

   The act of February 25, 1842 (Laws, p. 213), providing for the presentation for registration of county warrants within one year from their date, is not a statute of limitation, but the imposition of a condition, the performance of which is essential to their validity.

3. PLEADING. *County warrants judgments. General issue nul tiel record. Limitation upon rule. Code* 1871, § 1382.

   *Nul tiel record* is the only proper plea of the general issue to a demand based upon valid and duly registered county warrants issued prior to the enactment of § 1382, code 1871 (code 1880, § 2160; § 322, code 1892), there being no limitation upon the rule recognizing such warrants as judgments and exempting them from collateral attack prior to the enactment of said section.

4. EVIDENCE. *County warrants. Judicial records. Burden of proof.*

   When the petitioner in mandamus to compel payment of certain county warrants, some of which are drawn by order of the board of police, some by order of the circuit court, and some by order of the probate court, has shown regular orders of the board and of said courts, and proved in evidence the warrants regularly issued thereon, or has proved competently the loss or destruction of these records, together with docket memoranda, in part, and shows the regular warrants, or, having so shown the loss and destruction of said records, shows in evidence such warrants regularly issued, without any aiding memoranda docket entries, the burden is on defendant to show that the claims are illegal or fraudulent.

5. SAME.  *Secondary evidence.  Loss and destruction of records.  Authenticity of record book.*

   Parol evidence is admissible to prove the loss and destruction of the records and files of the circuit court, and as to the authenticity of a minute book, except in so far as it is hearsay or purports to state customs of the officers in discharging•their duties where the law prescribes the manner in which they shall discharge them.

FROM the circuit court of the first district of Chickasaw county.

HON. NEWNAN CAYCE, Judge.

Mandamus by appellant to compel defendants, the board of supervisors of Chickasaw county, to levy a tax and provide funds for the payment of certain claims against the county held by petitioner, to wit: one hundred and twelve warrants drawn on the county treasurer by order of the board of police, four by order of the circuit court, two by order of the probate court, and eighty-four jury certificates or warrants issued by the clerk of the circuit court of the county.  These warrants, aggregating in amount $3,958.48, were issued at different times from 1848 to 1853.  The petition filed September 24, 1888, alleges that they were duly issued upon the order and judgment of said board and courts respectively; that they had been registered by the clerk of the board of supervisors under the act of March 23, 1886, entitled ''An act to authorize the boards of supervisors to ascertain the outstanding indebtedness of the several counties;'' that said warrants were unpaid; that the taxes levied for the fiscal year were insufficient to pay the same, etc.  The defendants demurred to said petition, and, the demurrer having been sustained and the suit dismissed, the petitioner appealed.  The supreme court reversed the judgment, overruled the demurrer, and remanded the cause for further proceedings.  The grounds of demurrer, and as well those of reversal, are shown in the report of the decision rendered on that appeal (70 Miss., 87).  The opinion delivered in disposing of the present appeal shows the nature of the pleadings after the cause was remanded and also that of the

testimony of the witnesses, Medlin, Martin, Pulliam, Griffin and Baskin, which was excluded over petitioner's objection along with the warrants in support of which it was offered.

*Thomas J. Buchanan, Jr.*, and *W. S. Bates*, for the appellant.

1. The one year limitation of the registry act of February 25, 1842 (Laws, p. 213), which defendants pleaded to a large number of the warrants in suit, does not apply to the same. This would seem clear, in view of the fact that the county could not be sued, and there was no law restricting the period within which claim holders should proceed by mandamus to put the taxing power of the county in motion. *Klein* v. *Supervisors*, 54 Miss., 254; *Taylor* v. *Chickasaw County*, 70 Miss., 87. Moreover, the act of 1842 was a general one, and was not carried forward into Hutchinson's Mississippi Code (1848), and must be treated as repealed. See §§ 68 and 69 of that code and *M. & O. R. R. Co.* v. *Weiner*, 49 Miss., 725, 740; *Leighton* v. *Walker*, 9 N. H., 59; *Wakefield* v. *Phelps*, 37 N. H., 305; 17 Wis., 196.

2. As to nearly all of the other warrants, the defendants pleaded the general issue, denying that petitioner was the holder and owner of the warrants therein specified. This plea was unaccompanied by notice of anything that defendants proposed to prove under it. If defendants wished to traverse the matter set up in the petition they should have pleaded *nul tiel record*, the claims asserted in the petition being judgments in legal contemplation. *Marx* v. *Logue*, 71 Miss., 905. See, also, *Tittle* v. *Bonner*, 53 Miss., 578; *Anderson* v. *Leland*, 46 *Ib.*, 290.

3. The testimony of Martin, Medlin, Baskin, Griffin and Pulliam, and those warrants to which plaintiffs desired to apply it, should not have been excluded. It shows that the records of both the board of police and circuit courts, by which the orders were made, had been burned, and authenticates a minute book containing a registry of some of them. There was evidence of

the age of the warrants, and that suit had been brought on them in 1857. They were ancient documents, and proved themselves (65 Ala., 259, 266; 1 Greenl. Ev., sec. 509). They were produced in court by petitioner and shown to have been regularly issued and the absence of the orders allowing them accounted for. They were under seal, and it will be presumed they were issued upon judgments (*Bryant* v. *Johnson*, 24 Me., 304). The defendant was estopped to deny the validity of the judgments, fifty years having elapsed, all witnesses being dead, and the records lost or destroyed. Counsel discussed in detail the several objections upon which the various warrants were excluded by the court below.

Argued orally by *Thos. J. Buchanan, Jr.*, for the appellant.

WHITFIELD, J., delivered the opinion of the court.

We have examined the voluminous record patiently and carefully, and shall endeavor to lay down the principles which, on a new trial, should finally dispose of this litigation, which has dragged its slow length along from 1857, when the first suit touching these warrants was instituted, to the filing of this mandamus proceeding, in 1888, itself now here on its third appeal.

These different claims date back to 1848, and run through a series of years succeeding. The original suit was instituted on these warrants in 1857. A demurrer was interposed, on the ground that the warrants were already judgments. This demurrer was sustained by the court below, and affirmed by this court in 1868 (opinion book K, p. 61). See *Klein* v. *Board of Supervisors*, 51 Miss., 878, where the court said: "If the claim has been allowed, the creditor has a judgment, and does not need another, which would be satisfiable with another warrant."

It is said that the war and the death of the original attorney caused the long delay of twenty years, when, in 1888, this pro-

ceeding for mandamus was filed. The appellee set up, by its second plea, the statute of limitations provided by the act of February 25, 1842. Appellant replied that the act of 1842 was repealed by Hutchinson's Code of 1848, not being brought forward therein. Appellee demurred to this replication, and the demurrer was sustained. What is called "Hutchinson's Mississippi Code" is in no proper sense a code. It is a mere compilation of the statutes at large. The compiler, in his preface, expressly declares that it is not a "revision" nor a "digest." It is true (Hutch. Code, pp. 68, 69) that a committee of three was appointed by the fifth section of the act adopting it, who were to "examine" it and certify whether it did contain "a full and complete compilation of the statute laws of this state" before any "money could be drawn from the treasury on account of said compilation," and that they did so certify, and that the governor "sanctioned" the compilation in pursuance thereof, and the compiler, these preliminary cautionary measures having been complied with, presumably got his money. But the certificate of this committee and the "sanction" of the governor are no equivalent for such provisions as § 3, code 1892, or sections 7 and 8 of Poindexter's Revisal (Hutch. Code, p. 66), the latter of which provided that "all acts and parts of acts of a general and public nature which were not published in" it "were thereby repealed." There is no such provision in "Hutchinson's Compilation," as it should be called, and is called by the legislature which adopted it. Comparing the act of February 25, 1842 (Acts 1842, pp. 213, 214) with the act of February 25, 1846 (Hutch. Code, p. 714), it is clear there is no repeal of the act of February 25, 1842, by necessary implication. But a most significant fact, not referred to by counsel, is that the act of January 28, 1850 (Laws, p. 236), is a distinct legislative recognition of the act of February 25, 1842, as being then in force—an act passed two years after the adoption of Hutchinson's Compilation. That act provides that "all claims against the county of Hinds

heretofore presented to the county treasurer and entered by
him according [to] the provisions of an act prescribing the duty
of the county treasurer, approved February 25, 1842, which
shall not be presented for payment within one year after the
passage of this act, shall no longer be entitled to priority of
payment.   See, also, Laws 1844, p. 179 (Act February 23,
1844).   This is a manifest legislative recognition of the act of
February 25, 1842, as then (in 1850) still in force.   The leg-
islature cannot, of course, construe or interpret laws, but the
act of January 28, 1850, can properly be looked to by this
court in determining whether it was the purpose of the legis-
lature to repeal the act of 1842 by the act of 1846 *supra.*
*Planters' Bank* v. *Black et al.*, 11 Smed. & M., 52.   The
court below correctly held that the act of February 25, 1842,
was not repealed.   All the claims of appellant, therefore, fall-
ing within the condemnation of the bar provided by the said
act, were properly rejected, including warrant No. 949.

In response to the suggestion that warrants duly allowed are
not to be sued on in the ordinary action; that the county could
not be sued till the code of 1857 was adopted, and that there
was no statute of limitations barring a proceeding by man-
damus, and that, therefore, the act of February 25, 1842, does
not apply, it is sufficient to remark that this act is something
more than a mere statute of limitations, if, indeed, properly
considered, it be, in its essence, a statute of limitations at all.
It imposed, as an essential condition of legal validity, on these
warrants the requirement of registration, etc., as provided,
without compliance with which condition they were not valid
claims.   This plea interposing the act of February 25, 1842,
was interposed to certain specified warrants.   As to part of
these warrants appellant joined issue in fact, averring that they
had been properly presented to the county treasurer and reg-
istered, etc., as required by that act.   Certain other specified
pleas were also interposed to certain other specified warrants.
But there then remained a large number of these warrants,

other than those to which the statute of limitations and said special pleas were set up, as to which the general issue alone was pleaded, without notice of any special matter.  This plea denies that the appellant was the legal owner and holder of two hundred and two valid and legally registered warrants, etc. The only proper plea of the general issue in this case was *nul tiel record.*  *Marx* v. *Logue,* 71 Miss., 905.  If the matters set up in this plea were to be relied on, they should have been specially pleaded.  "The allowance of the claim of the auditor by the board of supervisors (or the board of police, their predecessors) was a conclusive ascertainment of the debt, and in that aspect it became of the nature of a judgment." *Supervisors* v. *Klein,* 51 Miss., 878.  And in the same case (*Ib.,* 813) it is said that, up to the code of 1871, § 1382, it was settled that "the entry on the minutes of the board allowing a claim against the county is a judgment in favor of the claimant against the county, which, like any other judgment, cannot be collaterally questioned, and is final and conclusive."  Since that section became the law (code 1871, § 1382; code 1880, § 2160; code 1892, § 322) it has been held a limitation on the previous rule in this state that the judgment of the board making an allowance cannot be collaterally impeached.  *Howe* v. *State,* 53 Miss., 57; *Supervisors* v. *Klein,* 51 Miss., 813.  Cases of "palpable illegality and fraud" may always be inquired into.  See, also, *Carroll* v. *Board of Police,* 28 Miss., 38; *Arthur* v. *Adam,* 49 Miss., 404; *Ross* v. *Lane,* 3 Smed. & M., 695.

Referring to the difference in the power of the board of supervisors in this matter before and since this § 1382, code 1871, etc., the court says in *Supervisors* v. *Klein,* 51 Miss., 813: "With unrestricted power on this subject, its judgment was conclusive, but, with a limitation on its power it can act only within the limit, and any excess is void."  These claims all arose long prior to this legislation.  Code 1871, § 1382, etc.

Applying these principles to the case in hand, we think it is

clear that the appellee should have pleaded *nul tiel record,* if it meant to plead only the general issue to the warrants as to which there were no special pleas.   If it did not deny that there were such judgments as are shown by the orders of the board of police and the circuit and probate courts—did not wish to deny their existence merely, but to show special matter in avoidance of them, as fraud or illegality— such matter should have been specially pleaded.   When regular orders of the board of police are shown, and of the circuit court and the probate court, and the warrants proved in evidence regularly issued thereupon, or when the plaintiff proves competently the destruction or loss of these records, together with docket memoranda, in part, and shows the regular warrants, or when the loss or destruction of these records is shown by competent and satisfactory testimony, and these warrants are shown regularly issued, without any aiding memoranda docket entries, the burden is on defendant to show that the claims are illegal or fraudulent.

The testimony offered in this case by Medlin, Martin and Pulliam should have been received in evidence, except in so far forth as it was hearsay or purported to state customs of the officers in discharging their duties, where the manner of such discharge was provided for by law.   The testimony was, with these exceptions, under the circumstances of the case, competent, together with the memoranda or docket entries—the best attainable evidence, owing to the long lapse of time, and the proved loss or destruction of the records, in large part.

Warrant 870 should not have been excluded, unless barred by the act of February 25, 1842.   Allowance may be to one, and warrant to another.   *Honea* v. *Monroe County,* 63 Miss., 179; *Cotton* v. *Board of Police,* 27 Miss., 367 (as to jurisdiction of the board), and *Carroll* v. *Board of Police,* 28 Miss., 38.   The objections to 1037 and 1050, to W. F. Baskin, sheriff, on the ground that no law authorized compensation, are not tenable.   Laws 1846, p. 76; Laws 1850, p. 237.

Warrant 1349 should not have been excluded, unless barred. Warrants to J. L. Flanikin (Nos. 1060 and 1102) and William Langham (Nos. 1329, 1330 and 1331), unless barred, should have been received in evidence. Laws 1841, p. 56, sec. 11; Laws 1846, p. 69, sec. 10—construed in *Board of Police* v. *Morton*, 24 Miss., 240. See, also, Laws 1850, p. 45, sec. 7. So of the warrant to Dr. Ivey (Hutch. Code, p. 296, sec. 2) and of attorney's fees to S. M. Thompson, warrant 1478. *Id.*, p. 712.

The testimony of Martin, Griffin and Baskin as to the loss or destruction of the records and files of the circuit court, and as to the authenticity of minute book No. 1, within the limitations above set out as to the testimony of Pulliam, Martin and Medlin, should have been received in connection with the minute book No. 1. Warrants for allowances to Moffat and Hiller (Nos. 639 and 726 and 997 and 999), should have been received in evidence unless barred. Hutch. Code, p. 438, § 157. Both the minute book No. 1, containing the list of certificates to grand and petit jurors, and the minute or record book covering periods between 1848 and 1850, including the twelfth day of the March term, 1850, and the warrants and petit juror certificates, with the testimony accompanying them, should have been admitted in evidence. For the law governing compensation of petit and grand jurors at that time, see Hutch. Code, p. 882, art. 4, §§ 5, 6; *Ib.*, p. 891, art. 15; Laws 1850, p. 115, §§ 1, 5.

There are thirty-six assignments of error. We deem it unnecessary to go over them seriatim. The principles above laid down are sufficient to control the case and guide the parties to a correct disposition of the case on the new trial.

*Reversed and remanded.*