## City of East St. Louis v. John Canty.

1. VARIANCE—*Pleadings and Proof—Surplusage.*—Where the declaration was upon a general judgment, and the payment of the judgment offered in evidence was limited to certain named funds, the limitation was treated as surplusage, and the judgment properly admitted in evidence under a plea of *nul tiel record.*

2. PAYMENT—*When the Question of is not in Issue.*—It is not incumbent upon the plaintiff in an action on a judgment to show affirmatively that such judgment has not been paid, when the only plea filed is that of *nul tiel record.*

Debt, upon a judgment. Appeal from Circuit Court of St. Clair County; the Hon. ALONZO S. WILDERMAN, Judge, presiding. Heard in this court at the February term, 1896. Affirmed. Opinion filed March 18, 1896.

W. A. BENNETT, City Attorney, for appellant.

E. R. DAVIS, attorney for appellee.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

In 1878, appellee sued appellant in an action of assumpsit, and recovered a judgment for $408 and costs of suit. The declaration contained the common counts only, and the plea was the general issue. The record shows that the appellant appeared and acknowledged that it had "assumed and promised," as alleged in the declaration, and confessed an indebtedness to the plaintiff for the sum of $408, part of which was due and payable out of the fund for the police department for the fiscal year of 1876, and the remainder out of the fund for the same department for the ensuing year. A judgment was rendered in favor of the plaintiff for $408, payable in the manner above specified.

In 1892, appellee sued appellant in an action of debt on this judgment, describing the same in his declaration as a general judgment. Appellant pleaded *nul tiel record*, and contended in the court below, and contends here, that there was a variance between the declaration and the judgment sued upon.

We are of the opinion that the part of the judgment which limits the collection thereof to certain funds should be rejected as surplusage. Either the plaintiff was entitled to a judgment to be satisfied in the ordinary manner, or to no judgment at all. The fact that this limitation was attached to the acknowledgment of indebtedness is immaterial. The case is not unlike Belford v. Woodward, 158 Ill. 122, in which such part of the judgment as ordered the payment to be made in gold coin was rejected as surplusage, as not being within the purview of the issues made by the pleadings.

If this position is correct, there was no variance, and the court did not err in admitting the record of the judgment in evidence.

It is also urged that it was incumbent on appellee to show affirmatively that the judgment had not been paid. But this question is not before us, inasmuch as the only plea filed was *nul tiel record.* 1 Chitty on Pleadings, Marg. p. 485.

The judgment is affirmed.