## GIBSON v. GILLESPIE.

District Court, D. Delaware. December 1, 1927.

No. 4.

1. Pleading ⬅⬅354(2)—Plea of nul tiel record in action on foreign judgment will not be stricken as general issue.

Plea of nul tiel record, as defense to action on foreign judgment, will not be stricken under rule of court that general issue shall not be pleaded, since such plea puts in issue only fact of existence of record described in declaration, to be determined by court on inspection of record itself, and is not general issue.

2. Judgment ⬅⬅939—Under issue of nul tiel record in action on foreign judgment, plaintiff must have judgment, unless record of recovery shows insufficiency on face.

Under issue of nul tiel record in action on foreign judgment, court can only inspect record of recovery, and unless want of jurisdiction or other insufficiency affirmatively appears on face of record, which would destroy force and effect of judgment, judgment must be given for plaintiff.

3. Judgment ⬅⬅940—In action on foreign judgment, plea of nul tiel record raises no issue of validity of declaration or ownership of judgment.

Plea of nul tiel record raises no issue as to validity of declaration or ownership of judgment sued on in action on foreign judgment.

4. Judgment ⬅⬅940—In action on foreign judgment, its payment or satisfaction, or fraud in procuring it, is inadmissible under plea of nul tiel record.

Under plea of nul tiel record in action on foreign judgment, payment or satisfaction of such judgment, or fraud in procuring it, cannot be put in evidence, unless record put in evidence by plaintiff shows payment or satisfaction.

At Law. Action by Addison H. Gibson, surviving partner of William H. Zahniser, formerly trading under the firm name of Gibson & Zahniser, against E. Neal Gillespie. On motion to strike plea of nul tiel record. Motion denied.

James R. Morford (of Marvel, Layton & Morford), of Wilmington, Del., for plaintiff.

Robert H. Richards, of Wilmington, Del., for defendant.

MORRIS, District Judge. [1, 2] Relying upon the recent amendment to the rules of this court with respect to pleadings in common-law actions, wherein it is provided that the general issue shall not be pleaded, the plaintiff has moved to strike out the plea of nul tiel record as a defense to an action on a foreign judgment. In opposition to the motion the defendant asserts that the plea is not a general issue, though it is sometimes so called, but is in law and in fact a special traverse, putting in issue nothing but the existence of the record sued upon. This contention of the defendant is supported by Hill v. Nendenhall, 21 Wall. 453, 22 L. Ed. 616. Under an issue of nul tiel record the court can only inspect the record of recovery, and unless the want of jurisdiction or some other insufficiency affirmatively appears on the face of the record, which would destroy the force and effect of the judgment in the state in which it was rendered, judgment must be given for the plaintiff. Hunt v. Mayfield, 2 Stew. (Ala.) 124, 128.

[3, 4] The plea raises no issue as to the validity of the declaration (Dudley v. Lindsey, 9 B. Mon. [Ky.] 486, 50 Am. Dec. 522), or the justice (Gay v. Lloyd, 1 G. Greene [Iowa] 78, 46 Am. Dec. 499) or the ownership (Marx v. Logue, 71 Miss. 905, 15 So. 890) of the judgment sued upon. Nor can its payment (East St. Louis v. Canty, 65 Ill. App. 325), or satisfaction (Tunstall v. Robinson, 24 Fed. Cas. 324, No. 14,238a), unless the record put in evidence by the plaintiff shows payment or satisfaction (Blair v. Caldwell, 3 Mo. 353), or fraud in procuring the judgment (Clemons v. Clemons, 69 Vt. 545, 38 A. 314), be put in evidence under such plea. Because the plea of nul tiel record puts in issue only the fact of the existence of the record described in the declaration, to be determined by the court upon an inspection of the record itself (Wittemore v. Malcomson [C. C.] 28 F. 605), I think that plea is not a general issue.

The motion to strike is denied.