J. B. FELLOWS & Co. v. T. C. BROWN.

ATTACHMENT: TO WHAT CASES IT APPLIES.—The remedy by attachment does not extend to actions *ex delicto*.

ERROR to the Circuit Court of Chickasaw county. Hon. Joel M. Acker, judge.

*Sale* and *Phelan,* for plaintiffs in error.

After the plaintiff had reformed and amended his whole pleading and process to suit himself, the defendant moved to quash the attachment, because it did not allege a ground of action upon which an attachment could issue. This point is of more importance to the defendant below than all the preceding, as it goes to the whole action; and, if sustained by the court, will dismiss the attachment. He asks the attention of the court to it.

The affidavit in the attachment, as now amended, embodies the allegation of the new declaration, viz.: " This day," &c., " who made oath that J. C. Fellows & Co. did deceive and defraud said Brown, by representing to him that they held against G. W. Ezell & Co., accounts, debts, &c., amounting to the sum of $517 80, and by such fraudulent representations induced him to give them a certain bay mare worth $300." Does such an allegation furnish a ground for an attachment? We say not. The facts here stated give an action on the case, for the fraudulent misrepresentations of an existing fact, whereby damage was sustained. The statute does not include such actions. It does not apply to actions *ex delicto.* So to construe it, would be to extend it to all actions of tort for damages. The language of the law expressly includes such actions. It says : " The remedy shall apply to all actions or de-

mands founded upon any indebtedness ; or, for the recovery of da-
mages, for the breach of any contract ; or, actions founded on any
penal statute." Code, Art. 1, p. 372. An action on the case for
fraud is none of these. Its very nature is based upon a denial of
any " contract" or " indebtedness." The fraud vitiates and annuls
the contract which was induced by it. It goes for nought. No
right is based upon its supposed existence. A wrong was perpe-
trated in attempting to create a contract, whereby damage was sus-
tained. The attachment should have been quashed.

*Deavenport* and *Hill,* for defendant in error,
Filed no brief.

HANDY, J., delivered the opinion of the court.

This suit was commenced by attachment sued out by the defen-
dant in error against the plaintiffs in error. Several exceptions
were taken in the course of the proceedings in the court below, to
the rulings of the court, and are now assigned for error here. But
we deem it necessary to consider only the assignment founded on
the motion made by the defendants below, to quash the attachment
after the affidavit was amended, and a new declaration was filed ;
which motion was overruled.

The original affidavit on which the attachment was issued, stated
that the defendants " are justly indebted to the plaintiff in the sum
of four hundred dollars, or thereabouts, and that he is informed and
believes that the said J. B. Fellows & Co. are non-residents of this
State, and that they fraudulently contracted the debt for which this
attachment is sued out." The original declaration filed, contained
two counts, one alleging that the plaintiff had sold the defendants
a mare, in consideration of which they undertook and promised to
deliver him good and valid evidences of debt against one Ezell &
Co., amounting to $417 80, but that they had refused to deliver
the same ; the other, upon a *quantum valebat* for the mare sold and
delivered. After issue joined upon this declaration, and after the
close of the evidence on the trial, the plaintiff asked leave to strike
out these two counts in the declaration, and to file a new count,
setting forth that " the defendants did defraud and deceive the
plaintiff by representing to him that they held against G. W. Ezell

& Co. accounts, debts, &c., amounting to $517 80, and by such fraudulent representation, induced the plaintiff to give them a certain mare worth $300; and the plaintiff avers that the defendants did not deliver accounts, debts, &c. to that amount, whereby plaintiff was greatly damaged, to wit, the sum of $517 80, and therefore sues." This motion was granted against the defendant's objection. The plaintiff then moved for leave to amend the original affidavit, by striking out the words "*are justly indebted to him in the sum of $400, or thereabouts,*" and inserting "*committed a fraud upon him in the sale, by the said plaintiff, to said Fellows & Co., of a certain mare, to his damage four hundred dollars, or thereabouts;*" which amendment was allowed,—the defendants excepting. The defendants then moved the court to quash the attachment, because, among other reasons, the nature of the action was changed from one in *assumpsit*, as it was when brought, to one *on the case* for deceit. This motion was overruled, and the defendants excepted.

It is now insisted that the cause of action as set forth in the amended affidavit and declaration, is not one for which attachment will lie, and that the attachment should have been quashed and the suit dismissed.

By the terms of the statute, the remedy by attachment is confined "to actions or demands, founded on *any indebtedness*, or for the recovery of *damages for the breach of any contract, express* or implied, and the actions founded on any penal statute." Rev. Code, 372, Art. 1. Affidavit is required, by Art. 2, of "*the amount of the debt or demand.*" From these provisions it appears to be plain that, except for the recovery of penalties under statutes, the remedy was intended to apply to matters *ex contractu;* and there appears to be nothing in the statute, as there is nothing in the reason upon which the remedy is founded, to warrant its application to actions *ex delicto.*

In this case, the amended affidavit shows no such "indebtedness" as the statute contemplates. The allegation of indebtedness, contained in the original affidavit, was stricken out and abandoned in the second, which merely alleged that the defendants "had committed a fraud upon the plaintiff," in relation to the sale of the mare, "to his damage $400." And the declaration proceeds upon the same idea,—that the defendants *defrauded and deceived* him

by falsely representing that Ezell & Co. were indebted to them a specified amount, and thereby obtaining from him the mare, and stating the damage which he sustained in consequence of this fraud and deceit. There is nothing in all this savoring of contract, or seeking to recover for the breach of contract. It looks entirely to the recovery of damages for the fraud, alleged both in the affidavit and in the declaration. Nor does the declaration set forth the fraud and deceit, and waiving the *tort*, seek a recovery in *assumpsit*. It sounds wholly in *tort*, and has no feature of an action in *assumpsit*.

We think, therefore, that the action was not maintainable upon this amended affidavit and declaration, and that the motion to quash should have been sustained.

The judgment is reversed, the attachment quashed, and the suit dismissed.