## MARVIN *v.* ELLIS.[*]

*(Circuit Court, E. D. Louisiana.* November 15, 1881.)

1. PROMISSORY NOTES—ACTION ON—PARTIES.

The assignee of a mortgage note can bring suit upon it, whoever the real owner may be, unless it was assigned for the purpose of depriving the mortgagor of a substantial ground of defence against the real owner.

2. JURISDICTION—CITIZENSHIP—FRAUD.

The circuit court has no jurisdiction of a cause on the ground of the citizenship of the parties, where the nominal parties to the suit are not the real parties, but have been made parties collusively, to bring the controversy within the jurisdiction of the court.

In Chancery. On demurrer to cross-bill for injunction.

Complainant filed a bill in equity to foreclose his mortgage upon the plantation of defendant, and, under the statutes of Louisiana, prayed for a writ of seizure and sale, directed to the marshal to seize and sell the same to pay his debt, which writ duly issued, and the plantation was seized and advertised for sale. The defendant then appeared, and, under a rule of this court, filed a cross-bill, in the nature of what is known in the state practice as an opposition to the writ of seizure and sale, and alleged that the plaintiff was not the true and lawful owner of the mortgage notes sued upon, but was a party interposed for the purpose of giving jurisdiction to this court; the real holders and owners being citizens of the same state as defendant, and against whom defendant had equities to plead, which he sets up. Complainant then filed a general demurrer to the cross-bill, and the case was argued on that.

*Geo. L. Bright,* for complainant.

*Nicholls & Carroll,* for defendant.

PARDEE, C. J. Everything alleged in the petition or cross-bill of defendant may be true, with the exception hereafter noted, and yet he can have no relief—is entitled to none. The assignment to Marvin of the notes sued on, no matter what the interest actually conveyed, vests the title sufficiently in him to sue; and Louisiana authority is clear to that effect. Defendant has no right to inquire whether the plaintiff, in whom the legal title appears to be vested, be an agent or the real owner, unless, by a fictitious assignment, it be attempted to deprive him of substantial grounds of defence which he may have against the true owner. The judgment will be *res adjudicata* against every one who might afterwards claim an interest in the note or bill. See Hennen's Digest, 180, No. 5, and authorities there cited, particularly 14 La. 256. The plaintiff having a sufficient title to bring suit, and being a citizen of another state, while the defendant is a citizen of this state, the suit may be brought in this court. See section 1 of

[*]Reported by Joseph P. Horner, Esq., of the New Orleans bar.

the act of Congress approved March 3, 1875, and note the difference between that act and the first paragraph of section 629 of the Revised Statutes, with regard to promissory notes, negotiable by the law-merchant, and bills of exchange. But the petition or cross-bill in this case alleges in substance that the party plaintiff has been collusively made for the purpose of bringing the case within the jurisdiction of this court, and this presents an issue or showing under the sixth section of the act of 1875, to which the plaintiff ought to reply.

The demurrers herein filed will be sustained, except so far as the issue just referred to is concerned, and that will leave the petition or cross-bill substantially a plea to the jurisdiction, on the ground that the plaintiff Marvin has been collusively made a party, in order to give the court jurisdiction.

Costs of the demurrer to be paid by the defendant.