## COVERT v. WALDRON et al.

*(Circuit Court, S. D. New York. January 3, 1888.)*

COURTS—FEDERAL JURISDICTION—CITIZENSHIP OF DEFENDANTS—ACT OF MARCH 3, 1887.

Where in a suit it appears that many of the defendants are from the same state, with conflicting interests, the controversy is between citizens of the same state, and the federal courts have no jurisdiction under Act Cong. March 3, 1887, giving them jurisdiction when the suit is between citizens of different states.

In Equity. Bill for discovery.

Tunis Covert, complainant, of Canada, filed a bill for discovery and marshaling of assets against S. J. Waldron and several hundred other defendants.

*James H. McCreery*, for complainant.

*Foster & Stevens*, for defendant Oakley.

LACOMBE, J. The complainant in this suit is a citizen of Canada. The defendants number several hundred, and are citizens of very many different states and territories. Thirty or more of them are citizens of the state of New York. The complainant avers that he is a lineal descendant and heir at law of four of the original patentees of certain lands in the city of New York, now divided into 52 blocks of ground. The patents referred to were issued by governors Nichols and Dongan, in 1691 and 1712, respectively. It is further averred that under the laws of the state of New York complainant is a tenant in common with the heirs at law of all said patentees, and entitled to participate in the distribution of said estate, and that the defendants are or claim to be descendants and heirs at law of the said original patentees, or of one or

more of them. On these facts the complainant prays the court to grant him its aid to discover and determine who are the heirs at law, complainant's co-tenants, and the quantum of their interests, and who, as such, are entitled to be made parties to a proceeding in partition for the settlement and distribution of the estate. Pending the determination of this question, the court is asked to appoint three receivers for the preservation of the property, with power to sell any part thereof, and to marshal the assets of the estate for distribution among those decided by the final decree of this court to be entitled to participate therein. The bill closes with a prayer for general relief.

Several serious objections have been urged to this bill, which need not be considered. The citizenship of the parties is fatal to the jurisdiction of this court. Where a federal question is not involved, nor the conflicting grants of different states are in question, the controversies of which the circuit courts of the United States are given original cognizance, must be between citizens of different states, or between citizens of a state and foreign citizens or subjects. It is abundantly settled by authority that, in arranging the parties relatively to the controversy between them, the mere form of the pleadings may be set aside, and the parties placed on different sides of the matter in dispute, according to facts. When, upon such an arrangement, it appears that citizens of the same state appear on both sides of the controversy, the controversy is not within the jurisdiction of the circuit court. *Removal Cases,* 100 U. S. 457; *Railroad* v. *Ketchum,* 101 U. S. 289; *Barney* v. *Latham,* 103 U. S. 205; *Carson* v. *Hyatt,* 118 U. S. 279, 6 Sup. Ct. Rep. 1050; *Blake* v. *McKim,* 103 U. S. 336.

The interests of all the parties to the controversy in the case at bar are conflicting, and, in arranging them relatively to the matter in dispute, Phoebe A. D. Bosworth, a citizen of New York, who is made a defendant, is as much opposed to H. S. Blunt, another citizen of New York, made a defendant, as is the plaintiff himself. The controversy is one, therefore, in which citizens of New York appear on both sides, and, as such, is not within the provisions of section 1 of the act of March 3, 1887.

The particular motion which has been argued is to strike out the appearances of certain persons who are not defendants, and who also apply on petition for leave to intervene and defend on the ground that they are in actual possession of the property to which it is alleged in the bill the complainants and the defendants claim title. The objection to the bill being jurisdictional, may be enforced by the court, *sua sponte,* though not raised by the pleadings nor suggested by counsel. *Morgan* v. *Beloit,* 7 Wall. 618; *Lewis* v. *Cocks,* 23 Wall. 466.

Let an order therefore be entered dismissing the bill for want of jurisdiction.