## G. W. NETHERY v. F. BELDEN.

1. ATTACHMENT AGAINST DEBTORS. *To what demands applicable.*

   The remedy by attachment applies to all actions or demands founded upon any indebtedness, or for the recovery of damages for the breach of any contract, express or implied, and to actions founded on any penal statute. Code 1880, § 2414.

2. ATTACHMENT; FOR BREACH OF IMPLIED CONTRACT.

   Whenever assumpsit will lie for the breach of an implied contract, attachment may be maintained to recover damages therefor, although the breach of the contract may be tortious.

3. BAILMENT. *Duty of bailee or hirer.*

   A bailee or hirer of an animal is under an implied obligation to use it with such care and moderation as an ordinarily prudent man would use toward his own property of the same kind, and not to apply it to any other purpose than that for which it was hired.

4. ATTACHMENT. *Maintainable against bailee ; breach of implied contract.*

   Since for breach of this implied contract the bailor may recover damages from the bailee in assumpsit as well as in case, the demand or claim for such damages is within the meaning of § 2414 of the code 1880, authorizing attachments, and an attachment may be maintained therefor.

FROM the circuit court of Copiah county.

HON. J. B. CHRISMAN, Judge.

This suit originated before a justice of the peace. The appellant, Nethery, sued out an attachment against the appellee, Belden, to recover an alleged indebtedness of eighty dollars. The writ was served by garnishing a debtor of the defendant, who answered admitting an indebtedness greater than the plaintiff's demand. In the bill of particulars of his claim filed by the plaintiff, was an item of fifty-one dollars, damages sustained by appellant because of injuries inflicted upon his horse by the defendant's agent, to whom appellant had hired it, and by whom it had been immoderately driven. The trial before the justice of the peace resulted in a judgment for the plaintiff, and the defendant appealed to the circuit court. Upon the trial in that court the defendant's counsel

admitted that the horse had been damaged to the amount claimed,. by the careless overdriving of defendant's agent, who was authorized to hire the animal.

The defendant moved the court to quash the writ and dismiss the cause, because the claim sued on and made the basis of the attachment, was for unliquidated damages, and not upon a cause arising out of a contract. The motion, as well as the merits of the cause, was submitted to the judge for trial without a jury. The judge was of the opinion that attachment did not lie for the said item of fifty-one dollars, damages to the horse, and sustained defendant's motion as to that, and gave judgment only for the balance of plaintiff's demand. From this judgment the plaintiff appealed.

*George S. Dodds*, for appellant.

The remedy by attachment lies in those cases enumerated in code 1880, § 2414. This case arose out of the breach of a contract, both *express* and *implied*.

Appellee was the bailee of appellant's horse for hire by express contract. The implied feature of the appellee's contract was to return the horse in as good condition as when received. Story on Bailment, §§ 413, 414.

This is not an action for tort, but for misuser or partial conversion. See *Webster* v. *Drinkwater*, 17 Am. Dec. 242, and cases cited.

Attachment lies for unliquidated damages arising *ex contractu*, when the contract itself affords a rule for their ascertainment. Drake Attach. (5th ed.) §§ 13–26. The standard is furnished by the contract itself, the damages being the difference between the value of the horse when taken and that when returned. This case does not fall within those enumerated in Drake on Attach., § 10, as those in which attachment will not lie.

*H. C. Conn*, for appellee.

To sustain attachment the action must be *ex contractu*, not *ex delicto*. Code 1880, § 2414 ; 41 Miss. 624 ; 38 Miss. 541.

We admit that there is an implied obligation on a bailee not to misuse the property of another intrusted to him. The bailee's implied contract is to pay for the services a reasonable price. He

is at the same time under a legal obligation not to injure the property. Breach of this obligation is a tort. If this obligation is to be classed as an implied contract, there would be no distinction between a breach of a mere legal obligation or duty, and a failure to comply with a contract.

There was an implied contract to pay for the hire of the horse. No other contract is hinted at in the record. Unless the tort committed by overdriving the horse violates this implied contract, then this suit is not for breach of any contract but is for unliquidated damages for a tort.

It cannot be assumed that plaintiff has waived the tort and sued in assumpsit. This is not a case in which such course can be taken. If there had been a declaration it would have been in case, not assumpsit; at least the court would have so treated it regardless of its form.

In *Tutt* v. *McLeod*, 3 How. 225, it was held that an action for a false warranty of a slave was in tort.

In *Fellows* v. *Brown*, 38 Miss. 541, it was held that attachment did not lie in actions *ex delicto ;* and in *R. R. Co.* v. *Hurst*, 36 Miss. 668, this court held that, although the company had contracted with Hurst, yet the action was in tort. See, also, 17 Am. Dec. 242.

ARNOLD, C. J., delivered the opinion of the court.

With us, attachment is essentially a statutory remedy, and it is maintainable only in those cases in which it is authorized by statute. The code provides that " the remedy by attachment, shall apply to all actions or demands, founded upon any indebtedness, or for the recovery of damages, for the breach of any contract, express or implied, and to actions founded on any penal statute." Code, § 2414.

In *Fellows* v. *Brown*, 38 Miss. 541, it was held, under a statute similar to the one above cited, that attachment was not allowable, to recover damages sustained in consequence of fraud and deceit, and it was said to be plain that, except for the recovery of penalties under statutes, the remedy by attachment was intended to apply to matters *ex contractu,* and not to actions *ex delicto.* It was said also, that there was nothing in that case, savoring of contract or seek-

ing to recover for the breach of a contract. It looked entirely to the recovery of damages for the fraud, alleged both in the affidavit and the declaration ; nor did the declaration set forth the fraud and deceit, and waiving the tort, seek recovery in assumpsit. It sounded wholly in tort, and contained no feature of an action of assumpsit.

We construe the statute quoted, to mean, as far as implied contracts are concerned, that whenever assumpsit will lie for the breach of an implied contract, attachment may be maintained to recover damages therefor, although the breach of the contract may be tortious. Wade on Attachment, §§ 12, 22 ; *Crane* v. *Lewis*, 4 La. An. 320 ; *Hunt* v. *Norris*, 4 Mart. (La.) 517 ; *R. R. Co.* v. *Peoples*, 31 Ohio St. 537 ; *Fuel Co.* v. *Tuck*, 53 Cal. 304.

As the suit here, was brought before a justice of the peace, and there are no pleadings in writing, we infer from the facts of record, that the horse injured by being overdriven, was in possession of appellee as a bailee for hire. In such case, the bailee or hirer is under an implied obligation to use the animal with such care and moderation as an ordinarily prudent man would use his own property of the same kind, and not to apply it to any other use than that for which it was hired. *Trotter* v. *McCall*, 26 Miss. 410 ; Story on Bailments, §§ 397, 399, 400, 413. And if he fails to comply with this implied obligation, and the bailer is thereby damaged, he may sue, either in case or assumpsit, at his option. *Bank of Mobile* v. *Huggins*, 3 Ala. 206 ; 1 Chit. Pl. [102] [1351] ; 2 Ib. [338]. If he declares in case, the fraud or negligence of the bailee, is the gravamen of the charge ; if in assumpsit, then the implied promise or undertaking and its breach, constitute the ground of action.

In this view of the law, the item in the account sued on, for injury to the horse, is within the statute authorizing attachment, and should not have been excluded by the court.

The question of the liability of the appellee for the act of his agent, suggested in the brief for appellee, was not raised in the court below, and will not now be considered or adjudicated here.

*The judgment is reversed, and the cause remanded.*