### CILLEY v. PATTEN et al.

(Circuit Court, D. New Hampshire. July 6, 1894.)

#### No. 255.

1. FEDERAL COURTS—JURISDICTION—PROCEEDINGS TO CONTEST WILLS.

A federal court has no jurisdiction to disestablish a will admitted to probate in the state court and establish one not admitted, where the state courts of equity have no such powers.

2. SAME—DIVERSE CITIZENSHIP—ACTUAL INTERESTS OF PARTIES.

In determining questions of jurisdiction on the ground of diverse citizenship, the parties are to be placed on the side of the controversy to which they belong according to their actual interests.

This was a suit by Horatio G. Cilley against William A. Patten, in which John J. Cilley and J. Henry Dearborn were also joined as defendants, to disestablish a will admitted to probate in the state court and establish an earlier will. For reports of previous decisions in the same litigation, see 46 Fed. 892; 1 C. C. A. 522, 50 Fed. 337; 58 Fed. 977; also, 62 Fed. 497.

Harvey D. Hadlock, for complainant.

Streeter, Walker & Chase and Bingham & Mitchell, for respondent Patten.

Before COLT, Circuit Judge, and ALDRICH, District Judge.

ALDRICH, District Judge. This is a bill in equity, and involves the validity of the will of Matilda P. Jenness, dated March 26, 1884, in which William A. Patten is sole legatee, or, to speak more specifically, seeks the disestablishment of the will of 1884, admitted to probate in the state court, and the establishment of a will dated in 1878, not probated in the state court, and in which Horatio G. Cilley, John J. Cilley, and J. Henry Dearborn are sole legatees. It also prays for relief in the circuit court of the United States annulling the decrees of the probate courts in New Hampshire, an accounting by the sole legatee under the probated will of 1884 to the sole legatees of the unprobated will of 1878, and, as incident thereto, the setting aside of certain assignments from the testatrix to Patten, between the dates of the earlier will and the later one. The controversy is the same as that involved in the probate proceeding before this court in Re Cilley (determined December 11, 1893) 58 Fed. 977. The decision of the question then considered proceeded upon the idea that the federal courts had no jurisdiction over the probate of wills in a state where there was no statute conferring jurisdiction upon its own equity or common-law courts. We think the reasoning there covers the present cause. If the will of 1884

stands, all rights which the estate might otherwise have to set the assignments aside are merged in the will and Patten, who is executor and sole legatee thereunder. The right to contest the assignments, therefore, is incident to the will itself, which can only be overthrown in the probate court. In other words, if the will stands, no one has any right or interest to contest the assignments which relate to the property operated upon by the will; and the question of the existence of the paper as a valid will can only be determined by a probate court proceeding to that end. So it follows that no issue exists as to the assignments except as incident to the jurisdiction to disestablish the will of 1884, and establish the will of 1878; and it results from such situation that we cannot reach an issue as to the property assignments without disestablishing a will admitted to probate in the state probate court, and establishing one not admitted, and this would involve the exercise of jurisdiction which, we have already said (58 Fed. 977), does not attach to a federal court in a cause coming from the state of New Hampshire, where courts of equity do not exercise such powers.

Moreover, if the subject-matter were cognizable here in a proper cause, the diverse citizenship contemplated by statute is lacking. The court directed evidence to be taken upon the question of controversy; and upon the evidence we find, as a matter of fact, that there is no controversy between John J. Cilley and J. Henry Dearborn, of New Hampshire, who are made defendants, and Horatio G. Cilley, of Nebraska, who is the sole complainant of record, and that the parties were so arranged for the purpose of creating a cause cognizable in the federal courts. In reaching this conclusion, we have considered the nature of the contest as disclosed by the pleadings, as well as the evidence submitted by the parties, and have not been unmindful of the fact that John J. Cilley has been before this court on many occasions during the contest as to jurisdiction, advising with the learned counsel who contends that the last will should be broken and the earlier will established.

The statute of August, 1888 (Supp. Rev. St. p. 614, § 5), provides, in substance, that if, at any time after suit is brought in the circuit courts, or removed thereto, it shall appear that such suit does not really and substantially involve a dispute or controversy within the jurisdiction of such court, or that the parties to such suit have been improperly or collusively joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under such act, the court shall proceed no further, but shall dismiss the suit, or remand it to the court from which it was removed, as justice may require. The court not only may, but most assuredly should, for the purpose of determining its jurisdiction over the controversy, look to the real interests of the parties, in order that it may know whether the parties, adversely arranged on the record, have a real and substantial controversy, such as the statute contemplates, or whether the controversy is fictitious, and therefore without substance as a basis for assumption of jurisdiction. Jurisdiction depending upon diverse citizenship is founded upon contro-

versial relations, and this means a real controversy as to the facts involved in the suit. Federal jurisdiction is not founded in fiction, nor does it depend upon the arbitrary or capricious arrangement of the parties by the pleader. While it is doubtless proper, in the first instance, and for the purposes of a decree binding all, to join as defendants all parties interested who do not desire to institute suit as plaintiffs, when the parties are before the court the court will, for the purpose of ascertaining its jurisdiction, arrange them according to their actual interests, and place them on the side of the controversy to which they belong, and, if it then appears that the controversy is not between citizens of different states, the condition contemplated by statute is wanting, and the court is without jurisdiction. The duty of the court to inquire would seem to be as fully recognized as its power to act as justice may require when the facts are made to appear by the parties upon motion and evidence. Stat. Aug. 13, 1888, § 5; Bland v. Fleeman, 29 Fed. 669; Marvin v. Ellis, 9 Fed. 367; Covert v. Waldron, 33 Fed. 311; Rich v. Bray, 37 Fed. 273; Williams v. Nottawa, 104 U. S. 209; Detroit City v. Dean, 106 U. S. 537, 1 Sup. Ct. 560; Railway Co. v. Swan, 111 U. S. 379, 4 Sup. Ct. 510; Cashman v. Canal Co., 118 U. S. 58, 6 Sup. Ct. 926.

The interests of the Nebraska Cilley and the New Hampshire Cilley and Dearborn lie in the same direction. As sole legatees under the will of 1878, they claim, in substance, that all acts subsequent to 1878 should be annulled, and the will of 1878 established, while Patten alone claims that the will of 1884 is valid, and, unless defeated by proper proceedings in the probate court, supersedes all prior wills; and this is the controversy. Place the New Hampshire Cilley and Dearborn on the side of the controversy to which they belong, and there is no jurisdiction on the ground of diverse citizenship. The ingenious or capricious act of counsel in setting them up on the wrong side does not confer jurisdiction. For the above reasons, the bill is dismissed, with costs to the defendant Patten.

COLT, Circuit Judge, concurs.