## BEAVER HILL COAL CO. v. LASSILLA.

### (Circuit Court of Appeals, Ninth Circuit.   February 7, 1910.)

### No. 1,760.

1. **TRIAL (§ 251*)—ACTION FOR INJURY TO SERVANT—INSTRUCTIONS—APPLICABILITY TO ISSUES.**
   Where the sole ground of negligence alleged in an action by an employé against a mining company to recover for personal injury was in sending plaintiff to work in a dangerous place, knowing him to be inexperienced and unacquainted with the danger, without warning or instruction, it was not error to refuse an instruction requested by defendant on the duty of defendant to furnish the servant a reasonably safe place to work; such question not being in issue.

   [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. 251.*]

2. **TRIAL (§§ 251, 260*)—ACTION FOR INJURY TO SERVANT—REFUSAL OF INSTRUCTIONS ASKED.**
   The refusal of requests for instructions in an action by a servant against the master for personal injury *held* not error, where such instructions were either not applicable to the issues, or covered by the charge given.

   [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595, 651–659; Dec. Dig. §§ 251, 260.*]

3. **APPEAL AND ERROR (§ 1004*)—MATTERS REVIEWABLE—EXCESSIVE VERDICT.**
   An assignment of error that the verdict was excessive, and against the weight of the evidence, cannot be considered by an appellate federal court.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3944–3947; Dec. Dig. § 1004.*]

In Error to the Circuit Court of the United States for the District of Oregon.

Action by Leander Lassilla, by Josephine Sommerville, guardian ad litem, against the Beaver Hill Coal Company. Judgment for plaintiff, and defendant brings error. Affirmed.

The defendant in error was the plaintiff in an action brought against the plaintiff in error to recover damages for personal injuries. The complaint alleged that the plaintiff in error employed the defendant in error to work about its coal mine as a general roustabout; that on or about March 6, 1908, the foreman in charge of the coal mine, and who was in charge of the employés therein and gave them their orders, directed the defendant in error to work in an abandoned tunnel, known as "Gangway No. 3," in removing old rotten timbers therefrom and retimbering the same; that the defendant in error was a minor of the age of 17 years, inexperienced and unfamiliar with the work he was required to perform, and by reason of his tender years and inexperience was unacquainted and unfamiliar with the hazards and dangers incident thereto; that the plaintiff in error knew that the work in which the defendant in error was directed to engage was extra hazardous, and that the gangway No. 3 was in an unsuitable and dangerous condition, that the timbers therein were likely to give way and fall at any time, all of which was unknown and not appreciated by the defendant in error, as was known by the officers and agents of the plaintiff in error then in charge of the mine; that they carelessly and negligently failed and neglected to caution and warn him of the dan-

----

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

gerous condition of said gangway or of the hazards and dangers incident to working therein; that while defendant in error was so engaged in said work a large portion of the ceiling in said gangway suddenly and without warning fell down upon him, throwing him to the ground, breaking his arm, and inflicting other serious injuries upon him. The answer denied the allegations of the complaint, and pleaded as affirmative defenses assumption of risk and contributory negligence, and alleged that the plaintiffs in error furnished all materials and supplies necessary for making the place where the defendant in error was working safe, and that the cause of the accident was the failure of the defendant in error and his fellow servants to use the supplies, implements, and appliances so furnished. The jury returned a verdict for the defendant in error, and judgment was thereupon rendered.

Wilbur & Spencer, A. M. Dibble, and Wilfred E. Farrell, for plaintiff in error.

Bates, Peer & Peterson and Caldwell & Reeder, for defendant in error.

Before GILBERT and MORROW, Circuit Judges, and HUNT, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). Error is assigned to the admission of the testimony of one Stonelake, a witness for the defendant in error, in that he was permitted to say that he told the foreman of the plaintiff in error that he was not a good enough miner to work there, and would have to quit the job, unless he was given another job. The witness was working with the defendant in error at the time when the latter was injured. The ground of the objection to the testimony was that it tended to show that the mining company had placed in the tunnel to work with the defendant in error an incompetent miner, and that evidence to that effect was incompetent for the reason that no negligence of that nature had been charged against the company in the complaint. But, if there was error in the admission of the testimony, it was harmless, for the same testimony had already been elicited from the witness and received by the jury without objection on the part of the plaintiff in error, and the court in charging the jury, after reading to them the allegations of negligence contained in the complaint, instructed them that their first duty was to determine whether the defendant in the action had been negligent in the particulars so alleged. "I mean this particular question alleged in the complaint, because plaintiff must succeed, if he succeeds at all, upon the allegations of negligence set out in the complaint and upon none other."

Error is assigned to the refusal of the court to give certain requested instructions on the subject of the duty of the master to furnish the servant a reasonably safe place in which to work. The sole act of negligence charged against the mining company in the complaint was its act of sending the defendant in error to work at a dangerous place, knowing him to be unacquainted with the dangers thereof, and in failing to notify him of the perils of the work in which he was engaged. The court very properly refused the requested instruction on the ground that the question of furnishing the defendant in error a safe place in which to work was not in the case. It is true that a party to an action has the right to have his theory of the case submitted to the

jury, when proper foundation for such theory is laid in the pleadings and in the evidence. But there was no such foundation in this case. The defendant in error did not see fit to allege in his complaint that the plaintiff in error was negligent in failing to furnish him a safe working place, and the mere fact that in the answer it was alleged that the plaintiff in error had furnished its employés in the tunnel supplies and materials necessary to make their working place safe did not have the effect to inject into the case the question of the liability of the mining company on the ground of its failure to furnish the defendant in error a safe place in which to work, and it was not introduced for that purpose. It was set forth in the answer as a premise for the further allegation that the defendant in error was guilty of contributory negligence in not availing himself of the materials so furnished, whereby he might have made the place safe.

There are several assignments of error to the refusal of the court to give the jury certain instructions which were requested on behalf of the plaintiff in error. One of the instructions so requested was that the mere hiring of a minor does not constitute negligence, and that the mere fact that the plaintiff in error employed the defendant in error was not negligence. Clearly there was no error in refusing that instruction. There was no issue in the case to which it was applicable. Other instructions requested presented at length the views of the plaintiff in error as to the law in regard to the dangers and risks assumed by a minor, and the duty of the master to instruct the minor of the dangers of his employment, also in regard to contributory negligence, and the duty of an employé to give careful attention to the business in which he is engaged, and his duty to observe his surroundings and discover the dangers which attend his work. We do not deem it necessary to discuss seriatim the various instructions so requested. The most of them might properly have been given. But the trial court gave clear and lucid instructions to the jury upon every branch of the law applicable to the issues, and we find no ground for holding that the rights of the plaintiff in error were in any way prejudiced by the refusal of the court to give the instructions which it requested.

The further assignment of error that the verdict was excessive and against the weight of the evidence, this court has no power to consider.

The judgment is affirmed.