## W. D. REEVES LUMBER CO. v. LEAVENWORTH.

## LEAVENWORTH v. W. D. REEVES LUMBER CO.

(Circuit Court of Appeals, Fifth Circuit. February 2, 1918.)

### No. 3117.

1. ATTACHMENT ⚏6—WRIT—SCOPE OF.

Under Code Miss. 1906, § 129, declaring that the remedy by attachment shall apply to all actions or demands founded upon any indebtedness or for the recovery of damages for the breach of any contract, express or implied, attachment is a proper remedy in an action for the wrongful cutting and removal of timber, where the declaration showed a

state of facts from which could be implied a promise by defendant to pay the stated value of the timber cut.

2. ABATEMENT AND REVIVAL ☞12—PENDENCY OF SUIT IN STATE COURT.

The pendency of an action in the state court is not pleadable in bar or abatement of proceedings concerning the same matter in the federal court having jurisdiction.

3. APPEAL AND ERROR ☞501(4)—REVIEW—PRESENTATION OF GROUNDS IN COURT BELOW.

The refusal of a requested charge cannot be reviewed on error, where the record did not show reservation of any exceptions.

In Error and Cross-Error to the District Court of the United States for the Northern District of Mississippi; Henry C. Niles, Judge.

Action by George Leavenworth, as executor of the estate of J. H. Leavenworth, deceased, against the W. D. Reeves Lumber Company and another, begun in state court, and removed to the federal court. There was a judgment for plaintiff, and defendant named brings error, while plaintiff assigns cross-error. Affirmed.

D. A. Scott, of Clarksdale, Miss. (E. M. Yerger, of Clarksdale, Miss., on the brief), for plaintiff in error.

Gerald Fitz Gerald, of Clarksdale, Miss. (Maynard & Fitz Gerald, of Clarksdale, Miss., on the brief), for defendant in error.

Before WALKER and BATTS, Circuit Judges, and BEVERLY D. EVANS, District Judge.

WALKER, Circuit Judge. This suit was brought by attachment in a court of the state of Mississippi against the W. D. Reeves Lumber Company and the estate of W. D. Reeves, deceased, and was removed to the United States District Court by the W. D. Reeves Lumber Company. The declaration contained two counts. The first count alleged the wrongful cutting and removal by the defendant of trees of specified values on land belonging to the plaintiff, and sought to recover the amount of such values. The second count was for the recovery of the penalty prescribed by a Mississippi statute for the wrongful cutting down and removal of trees. The recovery was on the first count.

[1] A motion was made to quash the writ of attachment, so far as the plaintiff's demand for the actual value of the timber cut was concerned. Error is assigned on the action of the court in overruling this motion. Under the Mississippi statute the remedy by attachment may be resorted to in any action for the recovery of damages for the breach of contracts, express or implied. The averments of the first count of the declaration showed a state of facts from which could be implied a promise by the defendant to pay the stated value of the trees cut. We think the decisions of the Supreme Court of Mississippi, construing and applying the statute mentioned, support the action of the court in overruling the motion. Mhoon v. Greenfield, 52 Miss. 434; Evans v. Miller, 58 Miss. 120, 38 Am. Rep. 313; Nethery v. Belden, 66 Miss. 490, 6 South. 464; Commission Co. v. Crook, 87 Miss. 451, 40 South. 20, 1006; Code Miss. 1906, § 129.

[2] The W. D. Reeves Lumber Company interposed a plea which alleged the institution of a suit in a state court by the plaintiff against W. D. Reeves, in which was sought a recovery for the cutting and removal of the same trees for the value of which recovery is sought in this suit, and an injunction restraining Reeves from cutting and removing any timber and from removing any already cut, the rendition of a judgment or decree in that suit granting the injunction prayed for and ordering the taking of an account for the trees cut, and that by reason of the beneficial ownership by W. D. Reeves of all of the capital stock of the W. D. Reeves Lumber Company the two defendants were really one and the same. A demurrer to this plea was sustained.

So far as the cause of action asserted in the first count of the declaration in the instant suit is concerned, the plea shows no more than the pendency in a state court of another action previously brought by the plaintiff, based on the same cause of action, for the cutting and removal of the same trees. It does not show that there has been a recovery of any amount in the former suit, which, for aught that appears, is still pending and undetermined in that regard. Assuming that the allegations show the identity of the respective defendants in the two suits, the plea does not show a defense in bar or abatement of the pending suit. The pendency of an action in the state court is not pleadable in bar or abatement of proceedings concerning the same matter in the federal court having jurisdiction. McClellan v. Carland, 217 U. S. 268, 282, 30 Sup. Ct. 501, 54 L. Ed. 762; Gordon v. Gilfoil, 99 U. S. 168, 178, 25 L. Ed. 383; Wilcox & Gibbs Guano Co. v. Phœnix Ins. Co. (C. C.) 61 Fed. 199; Barnsdall v. Waltemeyer, 142 Fed. 415, 73 C. C. A. 515.

[3] The only cross-assignment of error which was insisted on in argument is based upon the refusal of the court to give a charge requested by the plaintiff. The record does not show that an exception was reserved to that action of the court.

The conclusion is that the record does not show the commission of any reversible error.

The judgment is affirmed.