## CENTRAL IRON & COAL CO. v. MASSEY.

(Circuit Court of Appeals, Fifth Circuit. November 4, 1920.)

No. 3456.

1. **Abatement and revival ⟨⟩12—Pendency of suit in state court no defense to suit in federal court.**

   The pendency of a suit for the same cause of action in a state court furnishes no ground for plea in abatement to a subsequent action brought by the same plaintiff against the same defendant in a court of the United States sitting in the same state.

2. **Trial ⟨⟩60(1), 90—Admission of evidence later connected up not error; motion to exclude evidence admitted before connection shown necessary.**

   In coal miner's action for injuries resulting from defective tipple track, evidence that the track was bad two or three weeks before the accident was properly permitted to stay in subject to its being connected up, and where no motion was made at the conclusion of the testimony to exclude it and further testimony showed that the condition of the track had not been changed during the intervening time, there was no error.

3. **Appeal and error ⟨⟩1052(2)—Indefinite expression cured by later definite expression of witness.**

   In coal miner's action for injuries resulting from defective tipple track, the objection to the expression of a witness that the condition of the track "was, you might say, in pretty bad shape," was cured by his subsequent positive statement that the track was in bad shape at the time of the accident.

4. **Evidence ⟨⟩481(1)—Master and servant ⟨⟩274(8)—Evidence as to proper method of dumping coal car held admissible.**

   In an action by a coal car dumper, injured by a derailed car while he was walking beside the car to raise the catch thereon, where defendant contended that the catch should not have been raised while the car was

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

in motion, and plaintiff had testified that, if not raised until the car stopped on the tipple track, the car would not dump, his negative answer to the question, "So that was not the proper way to dump the car?" was properly admitted, in connection with his entire testimony, in view of his experience.

**5. Master and servant** &#9756;**286(5)—Negligence as to coal car dumper question for jury.**

In a coal car dumper's action for injuries from defects in ways, works, plant, and machinery, brought under Code Ala. 1907, § 3910, *held*, that the affirmative charge was properly refused defendant at the close of the testimony showing defect in the track and in the derailed car, causing the injury while he was walking beside the car and attempting to raise the catch.

**6. Trial** &#9756;**252(11)—Charge as to duty to repair defects properly refused, where not applicable.**

In coal miner's action for injuries resulting from defective tipple track, where there was no evidence that it was plaintiff's duty to remedy defects in defendant's ways, works, plant, or machinery, a charge denying plaintiff's right to recover if he was under such a duty was properly refused.

**7. Trial** &#9756;**260(1)—Charge already covered need not be given.**

Denial of requested charges was proper, where they were fully covered by the general charge.

In Error to the District Court of the United States for the Western Division of the Northern District of Alabama; William I. Grubb, Judge.

Action by W. J. Massey against the Central Iron & Coal Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Henry A. Jones and De Vane K. Jones, both of Tuscaloosa, Ala., for plaintiff in error.

Earle Pettus, of Birmingham, Ala., for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. Defendant in error, W. J. Massey, brought an action in the United States District Court for the Western Division of the Northern District of Alabama against the plaintiff in error, Central Iron & Coal Company, to recover damages for the breaking of his leg; said injuries alleged to have been caused by a defect in condition of the ways, works, machinery, or plant connected with or used in the business of the said defendant.

The evidence showed that the defendant was engaged in mining coal; said coal was hauled from the mouth of the mine in small cars, which were then pushed on a descending track and ran upon a tipple, where they dumped, discharging their contents into railroad cars on a track below the tipple. In order to empty said coal, it was necessary that a door at the end of the small car, which was restrained by a latch, held in place by a catch called a "monkey," should be released; that to do this it was necessary to raise this monkey, which, if in good condition, would stay raised, but when loose would fall back, and had to be held up by wrapping around it a chain, which was attached to the forward part of the car; that the plaintiff was employed as a dumper.

&#9756;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

There was evidence that, while the regular way was for the dumper to raise said monkey before the car was started down the decline towards the tipple, he had other duties to perform, which often prevented his being at the mouth of the mine when the car was thus started, and that where this was the case it was customary for the dumper to walk briskly alongside of the descending car, which moved at the speed of a fast walk, and to raise the monkey, and, if necessary, to wrap around it the chain to hold it in place; that the car by which plaintiff was injured had been started down the decline before he could reach it; that he crossed the track and safely reached the side of the car on which the monkey was placed; that he raised same and discovered that it was loose and would not stand up; that he reached forward to get the chain with which to hold up the monkey, walking briskly along by the side of the car; that in the track on which this car was running there was a bad joint, the end of two of the rails being from two to three inches apart, and not in line, so that the flange of the wheel of the car struck this open joint, was derailed, and the car was thrown against him, ran over him, breaking his leg in three places, and inflicting upon him serious and permanent injuries.

The evidence indicated that the condition of the track and of the cars was known to the superintendent of defendant, in charge of the works, ways, and machinery; that it was not the duty of plaintiff to repair the same.

Defendant filed a plea in abatement, alleging the pendency of a former action brought by the plaintiff against the defendant in the circuit court of Tuscaloosa county, Ala., to recover for the same cause of action here set up. Said plea being overruled, defendant pleaded to the merits.

[1] 1. There was no error in sustaining the demurrer to the defendant's plea in abatement. It is well settled that the pendency of a suit for the same cause of action in a state court furnishes no ground for plea in abatement to a subsequent action brought by the same plaintiff against the same defendant in a court of the United States, sitting in the same state. Stanton v. Embry, 93 U. S. 548, 23 L. Ed. 983; Gordon v. Gilfoil, 99 U. S. 168, 25 L. Ed. 383; McClellan v. Carland, 217 U. S. 268, 30 Sup. Ct. 501, 54 L. Ed. 762.

[2, 3] 2. Error is assigned upon the refusal of the court to exclude the testimony of the witness Pate to the effect that the condition of the track about the place of the accident was bad some two or three weeks before the accident. The court permitted the testimony to stay in, subject to its being connected up, and no motion was made at the conclusion of the testimony to exclude it. The further testimony showed that the condition of the track had not been changed during the intervening time. There was therefore no error in the ruling of the court. The objection to the expression of the witness that the condition of the track "was what you might say in pretty bad shape," even if originally meritorious was entirely explained and cured by the subsequent positive statement of the witness that the part of the track alluded to was in bad shape at the time indicated.

3. In view of the testimony in the case that the man bringing the

small cars out of the mine was not supposed to wait for the dumper to come up and set the monkey before he shoved the car off, that if the dumper got to the car before it started in motion it was his duty to fix it for dumping before it started, but that when the car was started before the monkey was raised the man walked alongside and raised the monkey while the car was in motion, there was no error in permitting the plaintiff to testify that he did not have time to reach the car while it was standing still so as to then raise the monkey.

[4] 4. It is urged that the court erred in not sustaining defendant's objection to the testimony of plaintiff that waiting to raise the monkey until the car stopped on the tipple was not a proper method of dumping. The defendant was insisting that where the monkey was not raised before the car started down the incline it should not be raised while the car was in motion, and that it could be raised and the car dumped after the car stopped at the end of the tipple. Plaintiff had testified that if the monkey was not raised until that time the car would not dump, for the coal would not then pour out. He was then asked the question, "So that was not a proper way to dump the car?" and answered, "No, sir." In view of the experience of the plaintiff it was proper to permit him to testify as above, in connection with his entire testimony. Alabama Rwy. Co. v. Jones, 114 Ala. 519, 21 South. 507, 62 Am. St. Rep. 121; Davis v. Korman, 141 Ala. 479, 37 South. 789; Southern Rwy. Co. v. McGowan, 149 Ala. 442, 43 South. 378.

[5] 5. The principal error assigned is that the court refused to give the affirmative charge in favor of the defendant on the conclusion of the entire testimony. The suit is brought under the statute of Alabama regulating the liability of an employer to an employé. The statute provides that where an injury is caused to an employé through a negligent defect in the plant or appliances of such employer, the plaintiff injured by such negligent defect may, if free from negligence himself, recover. The statute further provides:

"Provided, that in no event shall it be contributory negligence, or an assumption of the risk on the part of a servant to remain in the employment of the master or employer after knowledge of the defect or negligence causing the injury, unless he be a servant whose duty it is to remedy the defect, or who committed the negligent act causing the injury complained of." Code of Alabama 1907, § 3910.

There was evidence in this case of the existence of the defect in the defendant's track and that the car was derailed by reason thereof. There was also evidence of a defect in the monkey; also that the master was aware of the defects and that the party injured was not a servant whose duty it was to remedy the same, or who was responsible for the condition of said track, or said cars. There was also evidence that the plaintiff was injured by reason of these defects and was engaged in one of the usual and recognized methods of conducting the business for which he was employed. The court therefore properly refused the affirmative charge. Coosa P. & F. Co. v. Poindexter, 182 Ala. 656, 62 South. 104.

6. Error is assigned because the court refused to charge the jury on requests of the defendant that if the plaintiff, because of negli-

gence, indifference, inattention, or forgetfulness helped to cause his injuries he was not entitled to recover damages of the defendant because of said injuries. The court fully charged the jury upon the subject of contributory negligence on the part of the plaintiff. He charged the jury that the plaintiff must be free from fault in the injury in order to entitle him to recover for the employer's negligence. In so far as the defendant's requests were legal they were fully covered by the charge given. There was no evidence in the record that the plaintiff was guilty of any inattention, indifference, or forgetfulness; therefore there was no error in the court refusing the requests of the defendant on the subject of contributory negligence.

[6] 7. There was no error in the court refusing the request of defendant to charge, that if it was a part of the plaintiff's duty to remove or remedy a defect in condition of the defendant's ways, works, plant, or machinery, by which his injuries were caused he could not recover. There was no evidence in the case that it was the duty of this plaintiff to remedy any defects in said ways, works, machinery, or plant. Wilmington Mining Co. v. Fulton, 205 U. S. 60, 76, 27 Sup. Ct. 412, 51 L. Ed. 708; Mitchell v. Potomac Insurance Co., 183 U. S. 42, 48, 22 Sup. Ct. 22, 46 L. Ed. 74; Hart v. Bowen, 86 Fed. 877, 882, 31 C. C. A. 31.

[7] 8. Error is also assigned in the refusal of the court to give in charge the request of the defendant that, where there were two ways of doing the task on which he was engaged, one safe and the other unsafe, it was the duty of the plaintiff to use the safe way. The court had fully covered in his oral charge to the jury the duty of the plaintiff in the event there were two ways of performing the duty practical and open to him, to adopt the safe way, and that a failure so to do would be negligence defeating his recovery. He had further charged that, if a reasonably prudent man would not have attempted to prepare the car for dumping while it was in motion, plaintiff could not recover; also that, even if it was reasonably safe for the plaintiff to so prepare the car for dumping while it was in motion, if he was guilty of negligence in the manner in which he did it, he could not recover.

Where the court has fully covered the matter in his general charge, it is not error to decline giving a request on the same subject. Texas & Pacific Ry. v. Watson, 190 U. S. 287, 293, 23 Sup. Ct. 681, 47 L. Ed. 1057; Beaver Hill Coal Co. v. Lassilla, 176 Fed. 725, 100 C. C. A. 283; Norfolk & Portsmouth Traction Co. v. Rephan, 188 Fed. 276, 110 C. C. A. 254. Further, the request made is subject to the criticism that it did not submit to the jury whether the acts of the plaintiff, hypothetically stated therein, were, or were not, negligently done.

We therefore find no error in the several rulings of the court, and the judgment of the District Court is affirmed.