## LEWIS et al. v. SCHRADER et al.

(District Court, N. D. Texas, Dallas Division. March 24, 1923.)

1. **Abatement and revival ⟨⟩12—Pendency of same suit between same parties in state courts not ground for plea of abatement in federal court.**

The pendency of a suit in a state court furnishes no ground for a plea in abatement to a subsequent suit, even if for the same cause of action, brought by the same plaintiff against the same defendant in a court of the United States sitting in the same state, provided such suit is not in rem.

2. **Action ⟨⟩69—Courts ⟨⟩493(1)—Stay of action pending action in other court; court which first takes possession of res has jurisdiction of suit in rem, regardless of which court first had jurisdiction in point of time.**

Where suits in rem between the same parties, involving the same cause of action, are brought in more than one court, that court, whether state or federal, which first takes possession or control, actual or potential, of the thing, will exercise its power to completion, and the action in the other court will be stayed.

3. **Courts ⟨⟩317—Federal court will not, in absence of fraud or collusion, rearrange parties to defeat jurisdiction.**

The federal courts have jurisdiction in partition suits, and in such suits, in the absence of proof of collusion or fraud, will not rearrange the parties, by taking parties defendant and placing them upon the plaintiff's side of the docket, in order to defeat jurisdiction on the ground of diversity of citizenship.

4. **Courts ⟨⟩316—Joinder of nonresident cotenants in partition suit not fraudulent nor fictitious.**

One or more plaintiffs in a partition suit may sue their cotenants in a federal court, and in such case the joinder of the plaintiffs is neither arbitrary nor fictitious, but is the usual and ordinary arrangement permitted in partition suits under the rules and practice in courts of equity, and in a legal sense is neither fraudulent nor fictitious.

5. **Courts ⟨⟩491—Choice of forum a valuable right, not to be arbitrarily denied.**

The choice of the forum in which one desires to litigate is a valuable right, and may not be arbitrarily denied.

In Equity. Suit for partition by F. A. Lewis and others against E. V. Schrader and others, in which the defendants filed plea in abatement and motion to rearrange parties. Motion and plea overruled.

W. B. Harrell, of Dallas, Tex., for the pleas.
Mike E. Smith, of Fort Worth, Tex., opposed.

ATWELL, District Judge. D. D. Pitts bought from George Goen an undivided one-ninth interest plus an undivided one-ninth interest in 200 acres of land in Johnson county, Tex., giving his note in part payment therefor. At the time of the maturity of the note Pitts learned that some of Goen's kin claimed that Goen did not own and was not entitled to the interest sold. Thereupon he requested Goen to file suit on the note and to seek a foreclosure of his vendor's lien. After the suit was filed by Goen, Pitts filed a cross-action bringing in all of the Goen kin, who were the children of the first and second Goen marriage. The senior Goen's second wife is now Mrs. Schrader.

The probate court of Johnson county, while administering on the estate of Louis Goen, the first husband of Mrs. E. V. Goen, and the

---

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

father of George Goen, set aside the land as the homestead of Mrs. Schrader. The prayer in the state court suit is as follows:

"The premises considered, these defendants pray that the defendants in this cross-action be cited to answer this cross-action as the law requires, and that on hearing the interests of all the parties in said land be ascertained and established, and if the court shall hold that said land was the community property of Louis Goen and his first wife, then that the plaintiff take nothing by this suit, and that the note sued on be canceled and that they have judgment against the plaintiff for the sum of $861.12, with interest thereon, and the rights of the parties as to the judgment be determined, and that the interests, liens, and equities of all parties hereto in said land be adjusted and settled, and for costs of suit, together with all such other and further relief, both general and special, legal and equitable to which they may be entitled under the facts of the case."

Pitts claimed that he bought the interest of Goen believing that the property was the separate property of Louis Goen, and that if the same was determined to be the community property of Louis Goen and his wife, E. V. Goen, that he (Pitts) had paid George Goen more money than George Goen's interest in the said estate justified.

Louis Goen and his first wife (and defendant), Mrs. E. V. Goen, had five children, Florida Lewis, Addie Kelley, Stanford Goen, Prentice Goen, and Lula Goen. By his second wife he had four children. After he died, his second wife married again, becoming Mrs. Schrader.

2. After the filing of the state court suit Florida Lewis (F. A. Lewis) and Addie Kelley, joined by three of the children of Stanford Goen, who was dead, intestate, filed this suit in this court, against one of the children of Stanford Goen, deceased, and all of the children of Prentice Goen, also deceased, intestate, and all of the children of Lula Goen, likewise deceased, intestate, and the widow, Mrs. E. V. Schrader, née Goen. In this court the plaintiffs pray as follows:

"Wherefore plaintiffs pray the court that the defendants be cited to appear and answer this complaint, and that they have judgment for their interests of one-half in said land, and for a partition according to their several interests, and that they have judgment for the partition division of all of said lands and premises as their several interests may be determined by the court, and for possession of their portion of said land that by the judgment of the court may be ascertained and declared to be the property of the plaintiff, and, in the event it may be impracticable to so divide or partition said land, plaintiffs pray that said land be sold under an order of the court, and proceeds of such sale be distributed among the heirs in accordance with their interests and law, and plaintiffs further pray that, in the event it be held for any reason that said land is neither subject to sale or partition at this time, then that the court determine, adjudge, and fix the interests by decree and judgment that plaintiff and defendants have in and to said land. Plaintiffs further allege that out of the estate of Louis Goen and Elizabeth Gertrude Goen, jointly and separately, several of his heirs, plaintiffs and defendants, have received large advances, which plaintiffs pray be taken into account in the partition and distribution of said estate, and that said advances, both principal and interest, be charged and offset against the interests of such heirs as it may be shown they received the same, and plaintiffs further pray for such other and further relief, general and special," etc.

3. This recital of the pleadings in the two actions shows us that Pitts is a party to the state court suit and not a party to the federal court suit; that Mrs. Schrader is a party to the federal court suit,

and not a party to the state court suit; that a partition is sought in the federal court suit, and that no partition is sought in the state court suit; and, probably, that a settlement of the advances made by the parents to the heirs is contemplated in the federal court suit and is not sought in the state court suit.

[1] 4. The pendency of a suit, even for the same cause of action, in a state court, furnishes no ground for a plea in abatement to a subsequent action brought by the same plaintiff against the same defendant in a court of the United States, sitting in the same state, provided such suit is not in rem. McClellan v. Carland, 217 U. S. 268, 30 Sup. Ct. 501, 54 L. Ed. 762; Central Iron & Coal Co. v. Massey (C. C. A.) 268 Fed. 302; Doane v. California Land Co., 243 Fed. 67, 155 C. C. A. 597; Reeves Lumber Co. v. Leavenworth, 248 Fed. 686, 160 C. C. A. 586; Stanton v. Embry, 93 U. S. 548, 23 L. Ed. 983; Gordon v. Gilfoil, 99 U. S. 168, 25 L. Ed. 383.

[2] On the other hand, when the action is in rem, it is well settled that that court which first takes possession or control, actual or potential, of the thing, will exercise its power to completion, and an action in another court of the other sovereignty will be stayed until such time. This rule applies equally well and is equally true, whether the jurisdiction of a state court has first attached, or whether the jurisdiction of the federal court has first attached, and the jurisdiction so first attaching precludes a court of the same or the other sovereignty from exercising jurisdiction over the same thing. Farmers' Loan & Trust Co. v. Lake Street, 177 U. S. 51, 20 Sup. Ct. 564, 44 L. Ed. 667; B. & O. v. Wabash R. Co., 119 Fed. 678, 57 C. C. A. 322; Harkrader v. Wadley, 172 U. S. 148, 19 Sup. Ct. 119, 43 L. Ed. 399; Merritt v. Steel Barge Co., 79 Fed. 228, 24 C. C. A. 530; Kline v. Burk Construction Co., 43 Sup. Ct. 79, 67 L. Ed. —— (December, 1922); Palmer v. Texas, 212 U. S. 118, 29 Sup. Ct. 230, 53 L. Ed. 435; Covell v. Heyman, 111 U. S. 176, 4 Sup. Ct. 355, 28 L. Ed. 390.

The wisdom of this rule is quickly apparent. Two sovereignties, with their respective agencies, exist side by side. Each is independent of the other. Constant friction, turmoil, and irritation would result, if this were not the universal rule. So careful have the courts been in the preservation of this independence and exclusiveness that the rule is not limited to cases where property has actually been seized under judicial process before the second suit is instituted in another court, but it now applies as well where suits are brought to enforce liens against specific property, to marshal assets, to administer trusts, or to liquidate insolvent estates and in all other suits of a like nature. It is a comity that insures harmony. Farmers' L. & T. Co. v. Lake Street Elevated R. Co., 177 U. S. 51, 20 Sup. Ct. 564, 44 L. Ed. 667; In re Lasserot, 240 Fed. 325, 153 C. C. A. 251.

If the parties were the same in the state court suit, and if the issues and controversy were the same, that they are in this court, even though the action is mildly in rem, and neither court has taken possession or control of the res, I would sustain the plea in abatement, or, as such plea is now called, the motion to dismiss; but, with the difference be-

tween the suits, in parties, issues, and prayers, the motion does not seem to be well taken.

[3] 5. It is next claimed that the interests of the plaintiffs, who are nonresidents of Texas, and the defendants, who are residents of Texas, are not adverse and that, therefore, some of the resident defendants should be aligned with the plaintiffs, or, in other words, that the court should rearrange the parties, and that after this is done there would be no jurisdiction here. The federal courts have jurisdiction of partition suits, and it would be improper, in the absence of any allegation or proof of collusion or fraud, for the court to optionally take one party from the defendant's side of the docket and place him upon the plaintiff's side of the docket. All those who are nonresidents of Texas are complaining, and all of those who are residents of Texas are responding; that gives this court jurisdiction, because of the diversity of citizenship. Covert v. Waldron (C. C.) 33 Fed. 311, Rich v. Bray (C. C.) 37 Fed. 273, 2 L. R. A. 225, and Bland v. Fleeman (D. C.) 29 Fed. 669, considered, but not followed.

[4] One or more plaintiffs in a partition suit may sue their cotenants in a federal court, and in such case the joinder of the plaintiffs is neither arbitrary nor fictitious, but is the usual and ordinary arrangement permitted in partition suits, both under the state statute and under the rules of practice in courts of equity, and that which the law permits is neither fraudulent nor fictitious in a legal sense. In re Reisenberg, 208 U. S. 90, 28 Sup. Ct. 219, 52 L. Ed. 403; German Savings Soc. v. Tull, 136 Fed. 1, 69 C. C. A. 1; Belding v. Gaines (C. C.) 37 Fed. 817.

[5] The choice of the forum in which one desires to litigate is a valuable right, and may not be arbitrarily denied.

The defendants' motions are overruled, and an order will be prepared in accordance with this opinion.