## STRIPLING v. SCHAFF.

(Circuit Court of Appeals, Fifth Circuit. December 1, 1925.)

No. 4675.

Judgment ⚖══587, 891—Causes of action held not same, and pendency of appeal from judgment in state court held not grounds for denial of order directing receiver to pay judgment against him in another action.

Where one, after obtaining judgment for personal injuries against receiver of railway appointed in federal court, under Rev. St. Tex. 1911, art. 6625, making property of a sold-out railroad in hands of a new company chargeable with claims for personal injuries against sold-out company, sued and recovered judgment in state court against new company, successor in ownership of receiver, *held* causes of action in the two suits were not the same, the one arising under the statute only on organization of the new company, and pendency of an appeal in action in state court was not grounds for denial of petition in receivership proceedings for order directing receiver to pay judgment against him which would also satisfy judgment in state court.

Appeal from the District Court of the United States for the Northern District of Texas; James Clifton Wilson, Judge.

In the matter of the receivership of the Missouri, Kansas & Texas Railway Company of Texas. From a decree dismissing the petition of R. A. Stripling for an order requiring C. E. Schaff, receiver, to pay judgment recovered against him as receiver, petitioner appeals. Reversed.

E. P. Price and S. Le Roy Butler, both of Tyler, Tex. (Butler, Price & Maynor, of Tyler, Tex., on the brief), for appellant.

Alexander H. McKnight, of Dallas, Tex., and Bruce M. McMahan and Alfred P. Dohoney, both of Greenville, Tex. (Chas. C. Huff, of Dallas, Tex., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. On May 18, 1923, the appellant recovered in a Texas state court a judgment in the sum of $8,000 against the appellee, as receiver of the railroad and properties of the Missouri, Kansas & Texas Railway Company of Texas for damages for personal injuries sustained by the appellant while in the employ of said receiver, on or about July 17, 1922. By a petition filed July 6, 1925, in the court below, in the cause in which the receiver was appointed, and which alleged the above-recited facts, the appellant prayed that an order be made requiring said receiver to pay off and discharge said judgment.

The receiver's answer to that petition contained allegations to the following effect: On May 19, 1925, appellant brought suit in a Texas state court against the Missouri-Kansas-Texas Railroad Company of Texas, a Texas corporation, to which was granted a charter for the purpose of acquiring, owning, and operating the railroad and property of the Missouri, Kansas & Texas Railway Company of Texas, and which acquired that property through a foreclosure sale under a decree in the cause in which the receiver was appointed. In that suit the claim was asserted that under article 6625 of the Revised Statutes of Texas the defendant therein was liable for the amount of the above-mentioned judgment, with interest thereon from the date of that judgment. Judgment in favor of the appellant for the amount so claimed was rendered in that suit. The defendant in that suit took an appeal from the judgment rendered, giving a supersedeas bond. That appeal was pending when the above-mentioned answer was filed. Based on the just recited allegations, that answer set up that the appellant, having elected to pursue his remedy at law, and having pursued the same as alleged, was estopped to assert the right to equitable relief prayed for in his above-mentioned petition, and the answer prayed that said petition be denied and refused. Pursuant to that prayer, the court dismissed the appellant's petition. The appeal is from the decree to that effect.

The parties to the two suits in the state court were not the same, and the cause of action asserted in the later of those suits was one which came into existence after said foreclosure sale. International-Great Northern R. Co. v. Binford, Sheriff, etc., U. S. Circuit Court of Appeals, 5th Circuit, 10 F. (2d) 496, present term. But, without regard to the just stated facts, the pendency of the later suit in the state court, and the recovery therein of an unsatisfied judgment for the same personal injury which was complained of in the earlier suit, did not stand in the way of the granting by a court of another jurisdiction of the relief sought by appellant's petition. Enforcement of the judgment in the earlier suit may be sought while the later suit is pending, though payment of either of the judgments would satisfy both. W. D. Reeves Lumber Co. v. Leavenworth, 248 F. 686, 160 C. C. A. 586; Holmes County, Miss. v. Burton Construction Co., 272 F. 565; 1 Corpus Juris, 85. The granting of

the relief sought was resisted on an untenable ground. The court was properly appealed to for payment of the judgment recovered against its receiver. The answer to the petition disclosed no good reason for refusing the relief sought. It was error to dismiss the petition on the only ground which was set up as a defense.

The order or decree appealed from is reversed.